100 So.2d 489

STATE of Louisiana ex rel. BOARD OF COMMISSIONERS FOR LAKE BORGNE LEVEE DISTRICT,

v.

Dr. Nicholas P. TRIST, Sheriff and Ex Officio Tax Collector.

STATE of Louisiana ex rel. BOARD OF COMMISSIONERS FOR CHALMETTE BACK LEVEE DISTRICT,

v.

Dr. Nicholas P. TRIST, Sheriff and Ex Officio Tax Collector.

In re Dr. Nicholas P. TRIST, Sheriff and Ex Officio Tax Collector, Relator In No. 43,932, Applying for Writs of Certiorari and Mandamus.

In re James LICCIARDI, Charles A. Leon and Selma Picarella, Intervenors and Relators in No. 43,953.

In re Joseph P. COMPAGNA, Intervenor and Relator in No. 43,952, Applying for the Same Relief.

Nos. 43932, 43952, 43953.

Feb. 25, 1958.

Tucker & Schonekas, Oliver S. Livaudais, Jr., Edward A. Wallace, New Orleans, for intervenors and relators.

L. H. Perez, Dist. Atty., Leander H. Perez, Jr., 2nd Asst. Dist. Atty., New Orleans, and ex-officio attorneys for plaintiffs-appellees.

E. W. Gravolet, Jr., Point-a-la-Hache, August J. Nobile, Jr., New Orleans, for intervenors.

McCALEB, Justice.

These consolidated causes, which reach us by way of certiorari, were instituted by the incumbent members of the Board of Commissioners for the Lake Borgne Levee District and the Chalmette Back Levee District against the Sheriff and Ex Officio Tax Collector for the Parish of St. Bernard to have the latter enjoined from transferring or remitting to the State Auditor or State Treasurer tax funds amounting to $88,241.72 collected by him for the Lake Borgne Levee District and $78,048 collected for the Chalmette Back Levee District. In addition, petitioners seek a writ of mandamus commanding respondent to deposit these tax funds and any other such funds collected by him for account of these levee districts in the Registry of the Court.

Conformably with the prayer of the petitions, a temporary restraining order was issued by the trial judge, together with a rule nisi directing the Tax Collector to show cause why the demands of petitioners should not be granted. Prior to the hearing of the rule, 1,000 residents of the Chalmette Back Levee District intervened in the causes, aligning themselves with the petitioners. Other interventions were filed by James Licciardi, Charles A. Leon and Selma Picarella, appointees of the Governor to membership on the Board of Commissioners for the Lake Borgne Levee District, and Joseph P. Compagna, a member of the Board of the Chalmette Back Levee District, who aligned themselves with the respondent.

On the appointed day, respondent and the intervenors aligned with him appeared and filed, among other pleadings, an exception of no cause of action and prayed for the dismissal of the suits.

All exceptions were overruled by the judge and, following the taking of evidence, the alternative writs of mandamus were made peremptory, respondent being ordered to deposit with the Clerk of Court all tax funds collected by him during 1957 for account of each levee district which had not been previously remitted to the State Treasurer.

From this judgment respondent moved for suspensive appeals. The appeals were granted by the judge but were conditioned upon respondent furnishing appeal

bonds in an aggregate sum of $250,484.44. Whereupon, respondent, alleging that, as a state officer restrained from executing and enforcing the law, he was entitled to appeal suspensively without bond, invoked the supervisory jurisdiction of this Court praying for orders of appeal and also for writs of certiorari commanding the judge to send forth the original record for review of his rulings and judgment. Believing the showing of respondent to be meritorious and that the public interest required a speedy determination of the causes, we granted writs of certiorari and stayed all further proceedings in the District Court until we were able to pass judgment.[1] The writs were given a preferential fixing with oral argument requested and the matters have been heard and submitted for decision.[2]

The petitions of the respective Levee Boards manifest that no cause of action is disclosed against the respondent tax collector. Hence, the suits should have been dismissed on his exception.

The salient facts set forth by the petitioners show that this litigation emanates from political differences existing between the Governor of this State and certain public officials of St. Bernard Parish. It appears that the Governor appointed three persons as members of the two levee boards to replace three of the board members presently in possession of the offices. The board members sought to be replaced contested the Governor's authority to remove them and the new appointees instituted intrusion into office suits, which were decided adversely to them by the district court and which are now pending in this Court on appeal. After the incumbent board members resisted the right of the Governor to replace them, the State Treasurer and State Auditor, relying on the advice of the Attorney General, refused to honor the warrants drawn by the Board of Commissioners of the respective Levee Districts for the payment of the current expenses incurred in the maintenance and operation of

1. Similar writs of certiorari were issued on the petitions of the intervenors aligning themselves with the respondent tax collector. These writs have been consolidated with the two principal cases and have been submitted with them. Our decision in the principal cases will necessarily govern the interventions and, therefore, no separate judgments are needed to dispose of them.

2. In this connection, it is to be noted that the litigants, both in argument and brief, have apparently misconstrued the effect of the granting of writs of certiorari devoting their briefs, for the most part, to a discussion of the Tax Collector's right to a suspensive appeal without bond. The issue respecting the suspensive appeal became moot when the writs of certiorari were granted. Certiorari is defined by Article 855 of the Code of Practice to be an order directed to an inferior judge "commanding him to send * * * a certified copy of the proceedings in a suit pending before him, to the end that their validity may be ascertained". Accordingly, when certiorari is issued following a determination of the cause, the entire matter is before the reviewing court for decision. State ex rel. Harz v. City of New Orleans, 216 La. 849, 44 So. 2d 889 and authorities there cited.

the drainage systems. The incumbent boards then caused mandamus proceedings to be instituted against the State Treasurer and State Auditor in the Nineteenth Judicial District Court on behalf of certain employees to enforce payment of their warrants. But, after hearing arguments on exceptions of the defendants, the judge of that court dismissed these suits. No appeal has ever been taken from this decision and we are told that no formal judgment of dismissal has been signed by the Court.

In addition to a recital of the foregoing facts, it is asserted in the petitions that, as a result of the unlawful refusal of the State Auditor and State Treasurer to honor its warrants, the operations of the levee districts threaten to break down as the employees of the boards cannot work any longer without being paid their wages to meet their necessary living expenses; that, unless relief is given, serious damage will ensue to all property within the districts from lack of drainage and astronomical losses will follow in the event of the flooding of the large industrial and residential areas lying within their limits. Based on this presage, it is averred that equity requires that immediate relief be given against the Tax Collector of St. Bernard Parish as he has collected taxes for the districts and has in his possession considerable funds belonging to them, which, under the circumstances, should be deposited into the Registry of the Court and which, in due course, should be distributed to the respective districts.

Chalmette Back Levee District was created and is regulated by R.S. 38:901–912 and the law applicable to Lake Borgne Basin Levee District is R.S. 38:1071–1081. These statutes are counterparts and provide the manner in which the boards derive revenue by levying taxes on property in their respective districts. R.S. 38:908 and R.S. 38:1078 prescribe that the taxes levied shall be collected by the Tax Collector in the same manner that state taxes are collected and that the Tax Collector shall settle therefor with the State Auditor and State Treasurer, the funds to be kept in a separate account to the credit of the levee districts and be paid out on the warrants of the Auditor as provided in R.S. 38:907 and R.S. 38:1077. These sections declare that the funds of the boards shall be deposited with the State Treasurer to the credit of the districts; that all warrants drawn thereon by the boards shall specify the indebtedness the warrants are intended to liquidate and that the funds shall not be drawn from the Treasury except on the warrants of the State Auditor.

Thus, it clearly appears from the applicable law that the respondent Tax Collector of the Parish of St. Bernard has but a simple ministerial duty to perform upon collecting the tax revenues belonging to the levee districts—that is, to deliver these funds to the State Treasurer. Yet, the

theory under which these suits were brought and the relief prayed for, which was granted below, compels the Tax Collector to violate his statutory duty and he has been ordered to place the funds in the Registry of the Court. To accede to the demand of the petitioners would essentially violate the constitutional separation of powers of the three branches of government, for the Court would rewrite the statute and, under the guise of a compelling public emergency, legislate another system contrary to law for the disbursal of public funds.

There is nothing alleged by the petitioners that the Tax Collector has done or proposes to do that is violative of their rights. Their complaint is levelled against the claimed unlawful action of the State Treasurer and State Auditor who are not even made parties to the suit. Still, under the plea of critical emergency and without giving the alleged wrongdoers an opportunity to be heard, petitioners would have the Court usurp the statutory powers of the executive.

The argument of petitioners' counsel is that the orders sought are authorized by Articles 830 and 831 of the Code of Practice. These articles set forth in substance that the purpose of mandamus is to prevent a denial of justice and that it is within the discretionary power of the judge to issue the writ if he is of the opinion that the slowness of ordinary procedure "is likely to produce such a delay that the public good and the administration of justice will suffer from it."

These provisions merely set forth the reason why mandamus may be employed in proper cases instead of the ordinary process of petition and citation. But the use of it as a summary remedy will not lie against one who has no duty to perform or whose statutory duty, like the Tax Collector in this case, is contrary to the orders which petitioners seek.

The judgment of the district court i reversed and set aside; the exceptions o no cause of action are maintained and the consolidated suits are dismissed.