BARHAM, Justice.
Each of the five relators is a first offender imprisoned in Louisiana State Penitentiary who, after serving one-third of his sentence, went before the Board of Parole and was denied parole without reasons. Reasons were requested, but in accordance with the board’s policy were refused. Mandamus was then sought from the Nineteenth Judicial District Court to compel the chief parole officer to give reasons for the denial of parole. On motion of this officer the mandamus proceedings were dismissed after a hearing, and we granted certiorari.
It is relators’ position that the law governing this matter is R.S. 49:951-966. They argue that the Board of Parole is an “Agency” within the definition of R.S. 49:951(2), and that therefore the board is required by R.S. 49:958 to give reasons for its actions.
The motion to dismiss sustained by the district judge is predicated on the proposition that the applicable law is R.S. 15:574.-2-574.14, especially R.S. 15:574.11. We agree with the respondent and the district judge.
Chapter 13 of Title 49 of the Revised Statutes, upon which relators rely, is entitled “Administrative Procedure”. It deals generally with administrative boards and agencies and prescribes their general powers and duties. The Board of Parole is created and regulated by Title 15, Chapter 5 “Reprieve, Pardon, and Parole”, Part II “Parole”. It is obvious from a reading of this law that the Board of Parole is not the usual administrative agency. The two laws are entirely different, and indeed their provisions are so conflicting as to be irreconcilable. For example, administrative bodies generally are required to publish a description of their organization, to make available for public inspection all rules and other written statements of policy and all final orders, decisions, and opinions, R.S. 49:952, and to file in the office of the Secretary of State a certified copy of all rules, which are to be kept in a permanent register in that office open to public inspection, R.S. 49:954. Moreover, other provisions of that title and chapter require notice, opportunity to answer and present evidence, a record of all pleadings and proceedings, and a final decision or order in writing or stated in the record; and judicial review of rules and their applicability and of all decisions and orders *604 is provided, R.S. 49:955, 958, 962-964. A final decision of a board governed by the administrative statute must be given to all parties, accompanied by "findings of fact and conclusions of law” including "a concise and explicit statement of the underlying facts supporting the findings”, R.S. 49:958. On the other hand, the Board of Parole is required to keep confidential all its records and information other than “statistical information and all information of a general nature”, R.S. 15:574.12. In addition it is specifically provided that there is no appeal from the board’s decisions on the granting or refusing of parole, R.S. 15:574.11.[1]
A comparison of the law on parole with the law on administrative procedure makes it clear that the Board of Parole is not the sort of agency or board contemplated as subject to the law on general administrative procedure, and that the special provisions in Title 15 creating the Board of Parole and setting out its powers and duties are not complementary or supplementary to the general administrative rules of procedure.[2]
*606 Mandamus is an extraordinary remedy, to be applied where ordinary means fail to afford adequate relief. It never issues except when there is a clear and specific right to be enforced or when there is a purely ministerial duty to be performed. See C.C.P. Arts. 3861, 3862, 3863. We find no law which gives relators a right to have, or which makes it the duty of the chief parole officer to furnish, reasons for refusal of parole. This being so, mandamus will not lie to compel the giving of reasons. State ex rel. People’s State Bank v. Police Jury of Red River Parish, 154 La. 389, 97 So. 584 (1923); Schmidt v. City of New Orleans, 164 La. 1006, 115 So. 63 (1927); State ex rel. Board of Com’rs for Lake Borgne Levee Dist. v. Trist, 234 La. 513, 100 So.2d 489 (1958).
The ruling of the district court dismissing these proceedings is affirmed.
DIXON, J., concurs with reasons.

. R.S. 15:574.11 and 574.12 read:
“§ 574.11. Finality of board determinations.
“Parole is an administrative device for the rehabilitation of prisoners under supervised freedom from actual restraint, and the granting, conditions or revocation of parole rest in the discretion of the Board of Parole. No prisoner or parolee shall have a right of appeal from a decision of the board regarding release or deferment of release on parole, the imposition or modification of authorized conditions of parole, the termination or restoration of parole supervision or discharge from parole before the end of the parole period, or the revocation or reconsideration of revocation of parol, except for the denial of a revocation hearing under R.S. 15:-574.9.” (R.S. 15:574.9 concerns the hearing authorized upon return of a parolee to the institution from which he was paroled.)
“§ 574.12. Information as to Parolees; Confidential.
“The pre-sentence investigation report, the pre-parole report, the information and data gathered by the staff of the board, the prison record and any other information obtained by the board in the discharge of its official duty shall be confidential and shall not be subject to public inspection nor be disclosed directly or indirectly to anyone other than the board of parole, the board of pardons, the governor, the sentencing judge and the personnel of the Department of Institutions.
“All statistical information and all information of a general nature which is recovered in connection with parole services shall be subject to public inspection at any time.” (Emphasis supplied.)

. Our opinion is based upon the pleadings below and the writ application which relators filed here. They sought only the special remedy of mandamus and urged only that we apply the administrative procedure statute to the granting or denying of parole because, as they alleged, the administration of criminal justice is made ineffective when prison inmates are not told what are their deficiencies in rehabilitation which prevent parole. Relators have not attacked the constitutionality of the statutes which grant authority to the parole board. In amicus curiae brief filed by a penitentiary inmate other than relators, it is argued that R.S. 15 :- 574.11 is an unconstitutional denial of due process because it allows a prisoner to be refused the privilege of parole with *606 out a disclosure of the reasons for the action and because it denies a right of appeal or review from the action of the board in such cases. The unconstitutionality of a statute cannot be raised in this manner. We can notice ex proprio motu the issue of constitutionality only when it affects our jurisdiction. See State v. Hudson, 253 La. 992, 221 So.2d 484 (1969), majority and dissent; State v. Gatlin, 241 La. 321, 129 So.2d 4 (1961). Our opinion here is necessarily limited by the nature of the action pleaded and the issues it presents.