274 So.2d 855 (1973)
Manfred M. BYE, Jr.
v.
BOARD OF TRUSTEES OF the POLICE PENSION FUND OF the CITY OF NEW ORLEANS.
No. 5296.
Court of Appeal of Louisiana, Fourth Circuit.
March 13, 1973.
*856 Peter J. Compagno, New Orleans, for plaintiff-appellant.
Richard A. Dowling, New Orleans, for defendant-appellee.
Before REGAN, REDMANN and BOUTALL, JJ.
REGAN, Judge.
Plaintiff, Manfred Bye, Jr., has appealed from a judgment dismissing his petition for a writ of mandamus on exceptions of no right or cause of action.
Plaintiff seeks to compel the Board of Trustees of the Police Pension Fund of the City of New Orleans to (1) refund contributions for the Fund withheld from plaintiff's salary between August 1, 1964, the date he joined the force, and November 21, 1969, the date he was dismissed; or (2) to pay retirement benefits "* * * under the provisions of Revised Statute 33:2294 * * * from the date of his dismissal * * *".
The petition alleges that these demands were made upon the defendant and rejected. While the pleadings do not indicate that these demands were made in the alternative, it is apparent from their nature that they were. Plaintiff further alleges that he is entitled to these funds by operation of law; (2) that the Board in refusing payment is failing to perform a ministerial duty; and (3) that plaintiff has no adequate remedy at law.
We have reviewed the petition and we are convinced that the plaintiff's pleadings fail to state a cause of action.
The pension system which the plaintiff joined when he was employed in 1964 was established and regulated by LSA-R.S. 33:2281 et seq. It was a contributory system whereunder a percentage of the policeman's salary was withheld from his wages and deposited to his credit in the pension fund. In the event he resigned or was terminated before his retirement rights vested through tenure, the Board was directed by LSA-R.S. 33:2298 to make no refunds of sums previously withheld. It provides that:
"No benefits, pensions, annuities, or refunds shall ever be made from the fund for any reason whatsoever, except in strict conformity with the provisions and requirements of this Subpart. Any person who separates from the police department for any cause prior to retirement, shall have no claim to the benefits, pensions, or annuities provided herein, nor to refunds of any amounts paid into the fund. This provision shall be retroactive."
In 1967, a new police pension system was formulated. Those joining the force after its effective date were to be covered by the new system. Those who were employed by the police department when the legislation was enacted had the option of remaining in the old system or of joining the new. Under the 1967 system a policeman who resigns or is terminated before working sufficient years to qualify for retirement is entitled to a refund of all contributions he made to the fund by way of payroll deductions.
The pleadings posed for our consideration fail to state under which system plaintiff has requested relief. If he is regulated by the law in effect in 1964, he cannot proceed by mandamus to compel the Board to perform a ministerial duty which the law specifically forbids. Mandamus lies only when a public official refuses to perform a duty the law clearly states he must perform.[1]
Conversely, if he requests relief under the 1967 system, he must allege that he elected to join the new system when the option became available.
While the pleadings at this stage fail to state a cause of action, in the interest *857 of justice, we are constrained to remand this cause to permit plaintiff to amend his pleadings, if he can do so, to state a cause of action.
For the reasons assigned, the judgment appealed from is affirmed and this matter is remanded to the trial court to permit plaintiff to amend his pleadings to state a cause of action, if he can do so. Plaintiff is to pay the cost of this appeal.
Affirmed and remanded.
NOTES
[1] Gulf Fed. Sav. & L. Ass'n of Jefferson Par. v. Sehrt, 233 So.2d 268 (La.App.1970).