J^SHORTESS, C.J.
Scott B. Brewster was charged by bill of information with one count of driving while intoxicated (DWI), La. R.S. 14:98, and one count of operating a motor vehicle without a headlight on each side of the vehicle, La. R.S. 32:303. He pled not guilty, and a misdemeanor trial was held before Commissioner James J. Gleason, III. Brewster was found guilty as charged on both counts. The commissioner deferred imposition of Brewster’s sentence under Louisiana Code of Criminal Procedure article 894 and placed him on supervised probation for two years with a number of special conditions.
Robert J. O’Reilly was charged by bill of information with DWI, second offense, La. R.S. 14:98. He subsequently entered a plea of guilty to the charge under State v. Crosby[1] before Commissioner Gleason. After a Boykin hearing, the commissioner accepted O’Reilly’s plea. The commissioner fined O’Reilly $800.00, in default of which he was ordered to serve thirty days in jail. The commissioner also sentenced O’Reilly to five months in the parish jail but suspended the sentence and placed him on supervised probation for two years with a number of special conditions.
Brewster and O’Reilly separately appealed their respective adjudications to district court, which affirmed the convictions and sentences. Brewster and O’Reilly then separately filed for writs of review with this court. In an order dated Octo *971 ber 8, 1999, this court consolidated thé matters for consideration of the constitutionality of Louisiana Revised Statute 13:719. In that order, this court instructed relators to file briefs with this court. The court further invited respondents, as well as the judges and commissioner of the Twenty-second Judicial District Court (22nd JDC), to file briefs. This court stayed proceedings pending disposition of these matters.
Initially, we note the district attorney and attorney general both contend that because the constitutionality of Revised Statute 13:719 was not raised by any of the parties, the issue is not properly before this court, and this court should not raise the issue on its own.[2]. A court’s subject matter jurisdiction, however, is an issue that cannot be waived or conferred by the consent of the parties.[3] The issue here addresses the | ¡¡court's authority to adjudicate the cause before it. The issue may be raised at any time, even by the court on its own motion, at any stage of an action. A judgment rendered without subject matter jurisdiction is void.[4] We can notice ex proprio motu the issue of constitutionality when it affects our jurisdiction.[5] Therefore, although neither party challenged the constitutionality of Revised Statute 13:719 or the jurisdiction of the commissioner’s court, it is proper for this court to review the statute and notice on our own motion the want of the commissioner’s court’s subject matter jurisdiction.[6] Furthermore, although the State complains this court failed to comply with Revised Statute 13:4448 by failing to give the attorney general’s office notice that the constitutionality of a statute was at issue, we gave notice to the attorney general’s office, and it filed an amicus curiae brief.
Revised Statute 13:719 provides:
A. There is hereby created one office of commissioner for the Twenty-Second Judicial District Court.
*972 B. The commissioner shall be selected by a majority of the judges of the Twenty-Second Judicial District and may be removed from office by a majority of those judges. There shall be no term of such office. A commissioner shall serve at the pleasure of the court. Additionally, the commissioner may be subject to removal from office for any reason for which a district judge may be removed.
C. The commissioner shall have jurisdiction over criminal matters.
D. The jurisdiction of the commissioner shall be concurrent with that of the judges of the Twenty-Second Judicial District. None [ 4of the provisions herein affect or limit the jurisdiction of a district judge as provided by law.
E. (1) Subject to the other provisions of this Subsection, the commissioner shall have all of the powers of a judge of a district court. The powers of the commissioner shall not be inconsistent with the constitution and laws of this state, the constitution and laws of the United States, or the rules of the Twenty-second Judicial District Court. The commissioner shall perform such duties as are assigned by the chief judge of that court, in accordance with the rules which shall be prescribed by the elected judges of the court.
(2) The powers of the commissioner when hearing criminal matters may include but shall not be limited to the power to:
(a) Administer oaths and affirmations.
(b) Take acknowledgments, affidavits, and depositions.
(c) Act on felony charges through arraignment; however, the commissioner shall not accept pleas of guilty on or sign orders disposing of felony charges.
(d) Hear preliminary motions.
(e) In misdemeanor cases, conduct trials, accept pleas, and impose sentence.
(f) Preside over jury trials in misdemeanor cases.
(g) Fix bail in all matters.
(h) Sign and issue search and arrest warrants in accordance with the general provisions of law, including the requirement of showing probable cause.
(i) Find and punish for contempt of court as a district court judge.
(j) Conduct extradition hearings.
(k) Supervise defendants sentenced under the provisions of the drug court in accordance with the policies set down by the judges of the Twenty-Second Judicial District Court.
F. An appeal may be taken to the district court from any determination made by the commissioner. The judges of the district court shall, by local court rule, establish a procedure for requesting an appeal and setting a time limit within which a party may request such appeal. Any party who is aggrieved by a judgment entered by a commissioner may appeal that judgment in the same manner as any other judgment entered by a district court.
G. The provisions of this Section shall terminate and be of no effect after August 15, 2002, unless reenacted by the legislature prior to such date. The Supreme Court of Louisiana may reevaluate and make recommendations as to the necessity of continuing the office of commissioner for the Twenty-Second Judicial District Court.
(Emphasis added.)
|s In Bordelon v. Louisiana Department of Corrections,[7] the Louisiana Supreme Court approved of the use of commissioners in the Nineteenth Judicial District Court (19th JDC) pursuant to Revised Statute 13:713. The court reviewed Revised Statute 13:711, which created the commissioners’ offices, and Revised Stat *973 ute 18:713, which set forth their duties. The court affirmed the district court’s ruling that a commissioner has the authority to conduct a hearing on a plaintiffs motion for injunctive relief and to submit proposed findings of fact and recommendations for disposition to the district judge, stating:
We interpret the two provisions, read together, as authorizing commissioners to conduct hearings on any motions, including motions for injunctive relief, and to submit proposed factual findings and recommendations, while prohibiting commissioners from determining or deciding certain pretrial motions. This interpretation accords with the remainder of the legislative scheme that outlines the role of commissioners. After the findings and recommendations are submitted by the commissioner and the parties are afforded an opportunity to traverse in writing, the district judge makes a de novo determination of any disputed finding or recommendation and accepts, rejects, or modifies the commissioner’s report in whole or in part. If necessary, the judge can receive further evidence or recommit the matter to the commissioner with instructions. The overall scheme clearly reserves all adjudicatory power to the district judge, although the commissioner may determine some pretrial motions which are not dis-positive of the case.
We therefore conclude that pursuant to R.S. 13:713 C a commissioner may be designated to conduct a hearing on a motion for injunctive relief and to submit to the district judge proposed findings of fact and recommendations for disposition, but may not be designated to decide the motion.[8]
The Bordelon court then reviewed the plaintiffs claim that Revised Statute 13:713, if interpreted in this manner, unconstitutionally denied him access to a constitutionally sanctioned court, as Louisiana Constitution article V, section 1, vests.the judicial power in those courts created by the constitution. The court stated certain judicial power may be delegated without any abdication of the judge’s fundamental responsibility for deciding- cases. Delegation of power to conduct evidentiary hearings and to prepare proposed findings of fact and recommendations for disposition based on the evidence and arguments is not inconsistent with the constitution and laws that vest the judicial power in judges of enumerated courts, as long as the judges retain the responsibility for making ultimate decisions in the case.[9] According to the supreme | (¡court, under Revised Statute 13:713, the authority and responsibility to make the final determination remains with the district judge. The fundamental responsibility of the judge to make the final determination, after a commissioner conducts a hearing and submits proposed findings and recommendations, is insured by the requirement of a de novo determination of disputed findings or recommendations. Thus, the court concluded that the plaintiffs constitutional due process is adequately protected by the procedure outlined in Revised Statute 13:713.[10]
Justice Watson dissented in Bordelon, maintaining Revised Statute 13:711 was unconstitutional as it provided for commissioners who function as judges and Revised Statute 13:713 unconstitutionally allowed the commissioners to exercise a portion of judicial power that is “restricted by the Louisiana Constitution to elected judges of authorized courts and persons temporarily appointed by the Supreme Court to fill vacancies on those courts.”[11]
We followed Bordelon in Gould v. State.[12] The commissioner in Gould held a *974 hearing and recommended awarding civil damages to the plaintiff, an inmate. Upon a de novo review of the evidence, however, the district court determined the plaintiff failed to prove his case and rendered judgment in favor of the defendant. On appeal, the plaintiff contended that because the State did not timely object to the commissioner’s ruling, the commissioner’s recommendation was final. This court found no basis for the plaintiffs claim and stated the trial court “fully effectuated the ‘ commissioner-hearings’ legislation” as it made the ultimate decision in the case.[13]
In Giles v. Cain,[14] the State appealed the trial court’s adoption of a commissioner’s recommendation to reverse an adverse decision. The State, relying on Bor-delon, complained that the trial court failed to conduct a de novo review of the commissioner’s recommendation. We noted Bordelon was decided before the 1987 amendment to Revised Stature 18:713 that omitted the language requiring a de novo review. Thus, we found the trial court was no longer required to make a de novo review.
^Revised Statute 13:713(A) clearly provides a 19th JDC commissioner’s duties “shall include but shall not be limited to hearing and recommendation of disposition of any civil or criminal matter which may be assigned by rule of court or by any judge of the Nineteenth Judicial District Court, and hearing and recommendation of disposition of criminal and civil proceedings arising out of the incarceration of state prisoners.” Subsection B provides:
Over matters pending in the Nineteenth Judicial District Court, commissioners shall have all powers of a district judge not inconsistent with the constitution and laws of the state and the United States nor with the rules of the court and their assigned duties including but not limited to ... act on felony and misdemeanor charges, hear preliminary motions, accept pleas in misdemeanor cases including misdemeanor cases preliminary to trial on the merits, conduct trials of misdemeanor cases_A commissioner shall not have the power to adjudicate cases, except as provided in Subsection E of this Section and except to render and sign judgments and orders confirming judgments by default after receipt of proof sufficient to establish a prima facie case as required by law.
(Emphasis added.)
Subsection C provides that when a case is referred to a commissioner by rule of court, assigned to a commissioner by a judge of the 19th JDC, or allotted to a commissioner because the proceedings arise out of incarceration of state prisoners, the commissioner shall receive all evidence and prepare a written report of his findings, which includes his opinion and a recommendation of judgment. The judge may accept, reject, or modify in whole or in part the findings or recommendations made by the commissioner and also may receive further evidence or recommit the matter to the commissioner with instructions.
Subsection E provides a commissioner may conduct any or all proceedings on any matter pending before the court and order the entry of judgment in any case where the parties consent to the matter being heard and adjudicated by the commissioner. Each judgment so entered shall be signed by a district court judge.
Revised Statute 13:719 gives the 22nd JDC commissioner full jurisdiction over criminal matters. The statute specifically states that the commissioner’s jurisdiction shall be concurrent with the judges of the 22nd JDC, and that subject to the provisions of that statute, the commissioner shall have all the powers of a district court judge. Revised Statute 13:713 does not *975 grant the 19th JDC commissioners concurrent jurisdiction with its judges.
IsRevised Statute 13:719 further allows the 22nd JDC commissioner, in misdemeanor cases, to conduct bench trials and jury trials, accept pleas,- and impose sentences. The statute, unlike Revised Statute 13:713, gives the commissioner the power to adjudicate cases. Revised Statute 13:713 provides that the 19th JDC commissioners make recommendations to the judges and that a commissioner may order the entry of judgment in any case where the parties consent. Revised Statute 13:719 does not make these requirements of the 22nd JDC commissioner.
Revised Statute 13:719 does not clearly' reserve all adjudicatory power to the district judges. 'The provisions of Revised Statute 13:719 that confer to the 22nd JDC commissioner all the powers of a district court judge are unconstitutional. Among the unconstitutionally conferred powers are the authority to render the final determination as to guilt and innocence in misdemeanor cases and to impose sentences in those cases. In its current state, Revised Statute 13:719 unconstitutionally allows the commissioner to exercise a portion of judicial power restricted by the Louisiana Constitution, article V, sections 1 and 22, to elected judges of authorized courts.
For the foregoing reasons, the relators’ convictions and sentences imposed by the Commissioner of the Twenty-second Judicial District Court, St. Tammany Parish, are hereby vacated. These cases are remanded to the trial court for further proceedings.
CONVICTIONS AND SENTENCES VACATED; REMANDED FOR FURTHER PROCEEDINGS.

. 338 So.2d 584 (La.1976).

. Both briefs cite Board of Commissioners of Orleans Levee District v. Connick, 94-3161 (La.3/9/95), 654 So.2d 1073, 1076, and Vallo v. Gayle Oil Company, 94-1238 (La. 11/30/94), 646 So.2d 859, for this proposition.

. Cf. La. C.C.P. art. 925.

. Whittenberg v. Whittenberg, 97-1424, p. 2 (La.App. 1st Cir.4/8/98), 710 So.2d 1157, 1158.

. Smith v. Dunn, 263 La. 599, 268 So.2d 670, 672, n. 2 (1972).

. The State also contends that in State v. Neisler, 93-1942 (La.2/28/94), 633 So.2d 1224, 1229 n. 9, the supreme court declined to address the constitutionality of Revised Statute 13:1347, which delegated judicial functions to the appointed magistrate commissioners because the issue was not raised by the parties. However, we note that in Neisler, the court did not suggest that it could not consider the matter sua sponte, but it simply declined to consider the issue. Neisler involved a pre-trial felony bail matter. Interestingly, Justice Dennis concurred and ■ dissented in part. On the jurisdiction issue, he noted:
A court’s legal power and authority to hear and determine a particular class of actions or proceedings, that is, its jurisdiction over the subject matter of an action or proceeding, cannot be conferred by the consent of the parties, and a judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void.... When jurisdiction over the subject matter is lacking, the court is bound ex officio to notice it, and the judgment of a court wanting such jurisdiction will be null.... These principles are applicable to criminal as well as civil proceedings. La.Code Crim. P. art. 16; Id., Official Revision Comment (“Constitutional jurisdiction and powers will, of course, be unaffected by any contradictory provisions in this code.”); State v. Foss, 158 La. 471, 104 So. 211 (1925) (Jurisdiction cannot be conferred by waiver or consent.); State v. Hataway, 153 La. 751, 96 So. 556 (1923); See generally, 1 Wharton’s Criminal Procedure § 11 at p. 95 (1989) ("[The] lack of jurisdiction of the subject matter cannot be waived, nor can it be conferred even by the consent of the parties; and an objection that the court lacks jurisdiction of the subject matter can be raised at any time.”) (footnotes citing authorities omitted).
93-1942, p. 1-2, 633 So.2d at 1234 (citations omitted).

. 398 So.2d 1103 (La.1981).

. Id. at 1104-1105 (emphasis added; footnote omitted).

. Id. at 1105.

. Id.

. Id. all 108.

. 435 So.2d 540 (La.App. 1st Cir.), writ denied, 438 So.2d 1107 (La.1983).

. Id. at 543.

. 98-0212, p. 5-6 (La.App. 1st Cir.4/19/99), 734 So.2d 109, 112-13