hPER CURIAM.*
Plaintiffs, Louisiana Assessors’ Retirement Fund and Louisiana Clerks’ of Court Retirement and Relief Fund, filed a “Petition for Writ of Mandamus and Rule to Show Cause” against the City of New Orleans, Richard Bruñe as Treasurer for the City of New Orleans, and Courtland Crouchet as collector of revenue for the City of New Orleans in his official capacity as City Tax Collector. In their petition, plaintiffs alleged that “[s]ince 1974, defendants have failed and/or refused to deduct and remit to petitioners the sums due pursuant to [La. R.S.] 11:1481 and [La. R.S.] 11:1561,” and that the obligations imposed by the statutes upon defendants were ministerial. The petition also alleged that the delay in obtaining ordinary relief would cause injustice sufficient to warrant the extraordinary relief provided by a writ of mandamus. The trial court granted the writ of mandamus and the court of appeal affirmed. We granted certiorari to consider whether the lower court erred in issuing the mandamus.
| ^Mandamus is an extraordinary remedy which should be applied only where ordinary means fail to afford adequate relief. Smith v. Dunn, 263 La. 599, 268 So.2d 670, 672 (1972). A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. La. C.C.P. art. 3863. The writ should be issued only in cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice. La. C.C.P. art. 3862; Smith, 268 So.2d at 672. In the instant case, plaintiffs have alleged that a writ of mandamus is warranted because the delay involved in obtaining ordinary relief would cause injustice. Our review of the record, however, reveals that plaintiffs have not met their burden of showing that such delay would cause injustice sufficient to merit the extraordinary remedy provided by the writ of mandamus. Plaintiffs’ petition alleges that the City has failed to deduct and remit the sums due pursuant to La. R.S. 11:1481 and La. R.S. 11:1561 since 1974, but they have not presented any credible reason why, after all these years, any further delay would cause injustice sufficient to justify the issuance of a writ of mandamus. In fact, the trial court’s oral reasons for judgment do not indicate that the trial court made a specific finding that any delay in obtaining ordinary relief may cause injustice such that mandamus was warranted; rather, the reasons for judgment suggest that the court believed the sums were owed to plaintiffs and issued the mandamus without a proper analysis of whether the extraordinary remedy of mandamus was merited in this case.
Because plaintiffs have failed to meet the burden of showing that a delay in obtaining ordinary relief would cause injustice sufficient to warrant the issuance of a writ of mandamus, we reverse the judgment of the court of appeal and recall and annul the writ of mandamus issued by the trial court.
REVERSED. WRIT OF MANDAMUS RECALLED.
*957 CALOGERO, C.J., concurs and assigns reasons.

 Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.