| .PER CURIAM.
Plaintiffs, the Board of Trustees of the Sheriffs Pension and Relief Fund (hereinafter “Fund”), filed a “Petition for Writ of Mandamus and Rule to Show Cause” against the City of New Orleans, Richard Bruñe as Treasurer for the City of New Orleans; Marina Kahn, in her official capacity as the Chief Financial Officer and Director of Finance of the City of New Orleans; Marlin Gustman, in his official capacity as the Chief Administrative Officer; and Bret Crawford in his official capacity as the Collector of Revenue for the State of Louisiana and the State Tax Collector for the City of New Orleans.
In their petition, plaintiffs alleged that defendants have failed and/or refused to deduct and remit to petitioners the sums due pursuant to La. R.S. § 11:2174, and that the obligations imposed by the statute upon defendants were ministerial. The Fund maintains that the City and State Tax Collector have flatly and boldly refused to perform their duty, and that relief by ordinary proceeding is unavailing and that the delays inherent in an ordinary proceeding would cause irreparable harm to the Fund. The trial court granted the writ of mandamus and the court of appeal affirmed. We | ¡.granted certiorari to consider the propriety of the lower courts issuance of the writ of mandamus.
*292 Mandamus is an extraordinary remedy which should be applied only where ordinary means fail to afford adequate relief. La. Assessors’ Retirement Fund, et al v. City of New Orleans, et al, 01-735 (La.2/26/02), 809 So.2d 955, Smith v. Dunn, 263 La. 599, 268 So.2d 670, 672 (1972). A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. La. C.C.P. art. 3863. The writ should be issued only in cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice. La. C.C.P. art. 3862; Smith, 268 So.2d at 672. In the instant case, plaintiffs have alleged that a writ of mandamus is warranted because the delay involved in obtaining ordinary relief would cause injustice. Our review of the record, however, reveals that plaintiffs have not met their burden of showing that such delay would cause injustice sufficient to merit the extraordinary remedy provided by the writ of mandamus. Plaintiffs’ petition alleges that the City has failed to deduct and remit the sums due pursuant to La. R.S. § 11:2174, but they have not presented any reason why, after more than 38 years, any further delay would cause injustice sufficient to justify the issuance of a writ of mandamus. Although the trial court found that injustice would occur should the plaintiffs be forced to rely on ordinary proceedings, our review of the record does not reveal that plaintiffs have demonstrated that mandamus was warranted. The trial court simply noted that the Sheriffs Fund should not be denied future contributions which they are entitled to under La. R.S. § 11:2174. We conclude that the trial court’s finding does not justify the issuance of a writ of mandamus.
Plaintiffs have failed to meet the burden of showing that a delay in obtaining ordinary relief would cause injustice sufficient to warrant the issuance of a writ of | ¡¡mandamus, thus, we reverse the judgment of the lower courts and recall and annul the writ of mandamus issued by the trial court.
REVERSED. WRIT OF MANDAMUS RECALLED.
CALOGERO, C.J., subscribes to the majority’s per curiam and assigns additional reasons.
WEIMER, J., subscribes to the per curiam as well as additional reasons assigned by CALOGERO, C.J.