GUIDRY, J.,
dissenting in part.
| ¡While I agree with the majority’s affir-mance of the trial court judgment insofar as it grants the plaintiffs petition for mandamus to compel payment of the contract balance owed to the plaintiff, I disagree with the majority’s decision to amend the judgment to compel payment of the award of interest on the judgment by virtue of the writ of mandamus as well. The law is clear that mandamus is an extraordinary remedy, which must be used sparingly by the court and only to compel action that is clearly provided by law. Pelican Educational Foundation, Inc. v. Louisiana State Board of Elementary and Secondary Education, 11-2067, pp. 5-6 (La.App. 1st Cir. 6/22/12), 97 So.3d 440, 444. A writ of mandamus should be issued only in cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice. La. C.C.P. art. 3862; Board of Trustees of Sheriff s Pension and Relief Fund v. City of New Orleans, 02-0640, p. 2 (La.5/24/02), 819 So.2d 290, 292. Whereas the plaintiff is clearly entitled to an award of interest on its judgment in accordance to La. C.C.P. art. 1921, neither that article nor La. R.S. 38:2191(D) provide authority for compelling the payment of such interest by use of the writ of mandamus. For these | ¡treasons, I respectfully dissent from that portion of the majority opinion finding otherwise.