| ALL STAR EAST PROPERTIES, L.L.C. | * | NO. 2025-CA-0514 |
|---|---|---|
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| ROMY SCHOFIELD-SAMUEL, DIRECTOR OF FINANCE FOR THE CITY OF NEW ORLEANS | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2025-04420, DIVISION "B-11"
Honorable Marissa Hutabarat

* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins, Judge Paula A. Brown)

**JENKINS, J., CONCURS AND ASSIGNS REASONS**
**BROWN, J., CONCURS AND ASSIGNS REASONS**

Salvador I. Bivalacqua
Robert Ellis
BIVALACQUA GELE & ELLIS, LLC
650 Poydras Street
Suite 2200
New Orleans, LA 70130

COUNSEL FOR PLAINTIFF/APPELLANT

Max V. Camp
ASSISTANT CITY ATTORNEY
Elizabeth A. Weigand
DEPUTY CITY ATTORNEY
Tanya L. Irvin
DEPUTY CITY ATTORNEY
Corwin St. Raymond
CHIEF DEPUTY ATTORNEY

Colette T. White
SR. CHIEF DEPUTY ATTORNEY
Donesia D. Turner
CITY ATTORNEY
1300 Perdido Street
City Hall - Room 5E03
New Orleans, LA 70112


COUNSEL FOR DEFENDANT/APPELLEE



**AFFIRMED**

**FEBRUARY 4, 2026**

In this case, which arises from a tax sale, the plaintiff, All Star East Properties, L.L.C. ("All Star East"), appeals the trial court's denial of its writ of mandamus directed against the defendant, Romy Schofield-Samuel, Director of Finance for the City of New Orleans ("the City"). For the reasons that follow, we affirm the trial court's judgment.

**FACTS AND PROCEDURAL HISTORY**

On April 2, 2025, All Star East participated in an online auction of adjudicated property, conducted on behalf of the City by its agent, Archon Information Systems, L.L.C. (hereinafter referred to by its trade name, "CivicSource"). As a requirement to participate in the online auction, a prospective participant must read and agree to the terms of use that are posted on the CivicSource website. The Terms of Use include a section on sale cancellation, which provide where the City "reserves the right to cancel a sale and refund the tax sale purchase price without the repayment of the redemption penalty or interest"

1

when it "determines that the tax sale should not have occurred due to circumstances outside of its control."

All Star East submitted the winning bid on a piece of property located at 8501 Lake Forest Boulevard, New Orleans, La, 70127. However, on April 3, 2025, the City communicated in writing to CivicSource and instructed it to cancel the sale of the property and to provide notice to All Star East of the cancellation. That same day, CivicSource provided notice of the cancellation of the sale of the property to All Star East.

Nevertheless, on April 8, 2025, the City provided wiring instructions to All Star East. On April 10, 2025, All Star East wired $457,015.88 to CivicSource on April 10, 2025. However, later that day, All Star East was again informed that the City would not proceed with the sale.

On May 2, 2025, All Star East filed a petition for writ of mandamus seeking to order the City to sell to it the Lake Forest Boulevard property. The respective parties filed briefs in support and in opposition to the petition. A hearing took place before the trial court on May 12, 2025, and following the arguments, the trial court rendered an oral judgment denying the petition. On May 27, 2025, the trial court read and signed the order denying the petition. It is from this judgment that All Star East has taken a devolutive appeal.

**DISCUSSION**

On appeal, All Star East raises the following assignments of error: (1) the trial court erred in applying the tax sale terms of use to the public auction of an adjudicated property and (2) the trial court erred in failing to issue a writ of

2

mandamus to compel the City to complete the ministerial tasks necessary to memorialize the completed sale.

We will first address All Star East's second assignment of error and the use of a writ of mandamus. Through a writ of mandamus, All Star East seeks to have the Finance Director of the City of New Orleans to: (i) reinstate a cancelled sale of adjudicated property, (ii) recognize All Star East as the highest bidder, and (iii) transfer property rights of the property at 8501 Lake Forest Boulevard, New Orleans, LA 70127 (the "Property") to All Star East.

The Louisiana Code of Civil Procedure, in Title III, classifies the writ of mandamus as an "Extraordinary Remedy."[1] The Louisiana Supreme Court held that "[m]andamus is an extraordinary remedy which should be applied only where ordinary means fail to afford adequate relief." *Louisiana Assessor's Retirement Fund v. City of New Orleans*, 01-0735, p. 2 (La. 2/26/02), 809 So.2d 955, 956 (citations omitted). "The writ should be issued only in cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice." *Id.* The mandamus remedy "must be used by the court sparingly – only to compel action that is clearly provided by law, where it is the only available remedy or where delay occasioned by the use of any other remedy would cause injustice." *Regional Transit Authority v. Kahn*, 99-2015, p. 6 (La. App. 4 Cir. 8/26/99), 742 So.2d 960, 964 (citations omitted). "Mandamus lies only when a public official refuses to perform a duty that the law clearly states he must perform. It never issues in doubtful cases." *Id.* (citing *Acadian Ambulance Sercice, Inc. v. Parish of East Baton Rouge*, 97-2129, p. 7 (La. App. 1 Cir. 11/6/98), 722 So.2d 317, 322 (citing *Bye v. Bd. of Trustees of Police Pension*

---

[1] *See* La. C.C.P. art. 3861, FN 1.

3

*Fund*, 274 So.2d 855, 856 (La. App. 4 Cir. 1973))); *State ex. Rel. Neighborhood Action Committee v. Edwards*, 94-0630, p. 4 (La. App. 1 Cir. 3/3/95), 652 So.2d 698,700. "The remedy of mandamus is not available to command performance of an act that contains any element of discretion, however slight." *Charter School of Pine Grove, Inc. v. St. Helena Parish School Bd.*, 07-2238, p. 13 (La. App. 1 Cir. 2/19/09), 9 So. 3d 209, 221 (citations omitted).

There is also no ministerial duty for the Finance Director to complete a sale. All Star East fails to cite any legal authority for a mandate for the Finance Director to sell properties adjudicated by the City or to complete a sale once the procedural process has begun. Further, La. R.S. 44:2204 allows the political subdivision to impose terms and conditions on the sale.

All Star East argues that the City binds itself because there is language in the Terms of Use that states: "A successful bidder of adjudicated property shall be issued a Non-Warranty Cash Sale Certificate as provided by La. R.S. 47:2207 B within 45 days of the close of the auction." However, that language must be read in the context of the document as a whole. The Terms of Use, which must be read and agreed to by a prospective bidder prior to bidding on a property, clearly state that the City reserves the right to cancel the sale and refund the winning bidder its money. The Terms of Use state:

> If the political subdivision determines that the tax sale should not have occurred due to circumstances outside of its control, it reserves the right to cancel a sale and refund the tax sale purchaser the tax sale purchase price without repayment of the redemption penalty or interest in a manner pursuant to the applicable laws of the State in which the property is located.

A separate section within the Terms of Use, concerning the removal of property from the list, provides that "[t]he [City] reserves the right to remove any

4

property from the tax sale any time prior to the conclusion of the sale, without notice." As such, the City is not legally bound to complete the sale process. Therefore, the Finance Director did not refuse to complete a ministerial duty, which she was obligated to perform. Accordingly, a writ of mandamus is not available in this situation.

We also note that a writ of mandamus is not the appropriate vehicle through which All Star East should have sought relief in this case. All Star East clearly has the right to bring an action for breach of contract via ordinary process. Because relief is available through ordinary process, mandamus is not an appropriate in this matter.

**CONCLUSION**

For the above and foregoing reasons, we affirm the trial court's denial of All Star East's writ of mandamus.

**AFFIRMED**

5