JAMES F. McKAY III, Judge.
hln this case, the defendants, Ciena Capital LLC, Business Loan Center, LLC and BLX Capital, and the intervenor, Wagner World, Inc., appeal the trial court’s granting of the plaintiffs, Aberta, Inc., writ of mandamus directing the Clerk of Court, the Honorable Dale N. Atkins, as the ex officio Recorder of Mortgages and Registrar of Conveyances for Orleans Parish, to cancel certain inscriptions on the plaintiffs property. For the following reasons, we affirm the trial court’s granting of the writ of mandamus.
FACTS AND PROCEDURAL HISTORY
On August 26, 2003, Stor-All Pontchartrain, L.L.C. sold the immovable property located at 4601 Chef Menteur Highway to Aberta, Inc. by act of cash sale. On the same day, Aberta sold the property to Wagner World LLC by cash sale. Both Aberta and Wagner World were companies controlled by Scott G. Wolfe, Sr. Wagner World, again on that same day, then executed a collateral mortgage and an assignment of leases pertaining to the property in favor of BLX Capital, LLC. | ^Wagner World, also on that same day, executed another collateral mortgage and an assignment of leases on the property in favor of Business Loan Center, LLC.
On August 27, 2003, the following documents were filed with the Orleans Parish Recorder of Mortgages and Custodian of Notarial Archives: the act of cash sale from Stor-All Pontchartrain to Aberta; the two collateral mortgages from Wagner World in favor of BLX Capital and Business Loan Center; and the two lease assignments from Wagner World in favor of BLX Capital and Business Loan Center. However, the cash sale deed from Aberta to Wagner World was not properly filed and indexed in the records of the notarial archives or in the conveyance records of Orleans Parish. On December 15, 2008, Mr. Wolfe executed a “Credit Sale of Movables” to FHH Properties, LLC, by which he conveyed “all of Seller’s right, title and interest” in certain movable properties, namely, Aberta.
*611 On May 5, 2010, Aberta, now owned by FHH Properties, filed a petition for writ of mandamus, asserting that it is “the current fee simple title owner” of the property located at 4601 Chef Menteur Highway. In response to this action, on May 17, 2010, Aberta, represented by Mr. Wolfe, and Wagner World executed a quitclaim deed “effective as of August 26, 2003.”[1] This document also stated that the original sale was inadvertently not recorded. The defendants in Aberta’s petition for writ of mandamus were the Honorable Dale N. Atkins in her official capacity, Business Loan Center, BLX Capital and Ciena Capital.[2] On June 8, |s2010, Wagner World filed a petition for intervention pursuant to La. C.C.P. art. 1091(2) in order to preserve the mortgages it had granted. On June 25, 2010, the trial court issued its final judgment of mandamus and ordered that Aberta’s writs of mandamus be made peremptory and granted. It further ordered that the recorder cancel and release the mortgages and assignments of lease that Wagner World had granted in favor of BLX Capital and Business Loan Center but stayed its judgment pending Wagner World’s timely filing of a suspensive appeal. It is from this judgment that Wagner World, Business Loan Center, BLX Capital, and Ciena now appeal.
DISCUSSION
On appeal, the defendants, Business Loan Center, BLX Capital, and Ciena Capital, raise the following assignments of error: 1) the trial court erred in finding that Aberta had a right of action to file a mandamus lawsuit concerning the property or the Ciena mortgages; 2) the trial court erred by granting a writ of mandamus directed to the Clerk because the cancellation of the Ciena mortgages is not a ministerial or non-discretionary act; and 3) the trial court erred in relying on the public records doctrine when Aberta is not a third party. In addition, the intervenor, Wagner World, raises the following assignments of error: 1) the district court erred in ordering a writ of mandamus to cancel mortgages and assignments of lease granted by Wagner World, the owner of immovable property; 2) the district court erred in failing to recognize a contract of sale declaring Wagner World the |4owner of the immovable property and binding Aberta to that sale, even if the sale contract was not recorded in the public records; and 3) the district court erred in using a mandamus action to cancel the mortgages and assignments of lease when the propriety of the cancellation depended upon the exercise of discretion, upon the evaluation of evidence, and upon disputed facts. Despite these numerous assignments of error, the only real issue before this Court is whether a mandamus was an appropriate procedural vehicle in this particular situation.
Mandamus is a writ directing a public officer or a corporation or an officer thereof to perform any of the duties set forth in Articles 3863 and 3864. La. C.C.P. art. 3861. A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law, or to a former officer or his heirs to compel the delivery of the papers and effects of the office to his successor. La. C.C.P. art. 3863. Louisiana Code of Civil Procedure Article 3862 provides:
A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice; provided, however, that no court shall issue or cause to be issued a writ of mandamus to compel the expenditure of state funds by *612 any state department, board or agency, or any officer, administrator or head thereof, or any officer of the state of Louisiana, in any suit or action involving the expenditure of public funds under any statute or law of this state, when the director of such department, board or agency, or the governor shall certify that the expenditure of such funds would have the effect of creating a deficit in the funds of said agency or be in violation of the requirements placed upon the expenditure of such funds by the legislature.
La. C.C.P. art. 3862.
In mandamus proceedings against a public officer involving the performance of an official duty, nothing can be inquired into but the question of duty on the face |fiof the statute and the ministerial character of the duty he is charged to perform. King v. Bourgeois, 2004-1106 (La.App. 1 Cir. 5/6/05), 903 So.2d 549. A mandamus is a proper remedy for compelling a recorder of mortgages to cancel or erase an illegal or unauthorized inscription. Realsco, Inc. v. Green Acres Civic Ass’n, 169 So.2d 570 (La.App. 4 Cir.1964).
In the instant case, the property on Chef Menteur Highway was sold by Stor-All to Aberta. This sale was recorded. Mr. Wolfe later sold Aberta to FHH Properties. FHH Properties believed that it became the owner of the property on Chef Menteur Highway with its purchase of Aberta. However, Wagner World and the other defendants contend that the property on Chef Menteur Highway had been sold previously by Aberta to Wagner World. The problem is that this sale was not recorded. Wagner World then encumbered the property with leases and collateral mortgages. Aberta filed the petition for writ of mandamus to have these encumbrances removed.
According to the version of Louisiana Civil Code Article 2442 that was in effect at the time of the purported sale of the property to Wagner World, this sale would not be effective as to third parties unless it was recorded. FHH Properties was a third party when it purchased Aber-ta. Based on the face of the documents that were recorded, Aberta was entitled to the issuance of the wxit of mandamus to have the encumbrances removed. If Wagner World and the other defendants have an action against Aberta, they must file a petitory action for declaratory judgment. A writ of mandamus has a limited purpose and as we have said based on what was there it was properly granted.
^CONCLUSION
For the above and foregoing reasons, we affirm the trial court’s granting of the plaintiffs writ of mandamus. The trial court’s stay of its judgment is also lifted.
AFFIRMED
LOVE, J., concurs.

. Mr. Wolfe did this because he was the owner of Aberta at the time of the alleged sale.

. Ciena is the alleged successor to both Business Loan Center and BLX Capital.