PER CURIAM.
I,We grant these writ applications and recall the mandamus action brought by Aberta, Inc. (“Aberta”) to cancel two recorded mortgages and two assignments of lease held by Ciena Capital Funding, LLC[1] (“Ciena”) and granted by Wagner World, LLC, (“Wagner World”)(collectively, the “Ciena Mortgages”) on property located in Orleans Parish.
FACTS AND PROCEDURAL HISTORY
A series of transactions occurred on August 26, 2003: (1) Stor-All Ponchartrain, LLC sold the subject property to Aberta, whose shares were owned by Scott Wolfe; (2) Aberta sold the property to Wagner World, also controlled by Scott Wolfe, for $626,000.00 in a Cash Sale Deed; (3) Wagner World granted the Ciena Mortgages encumbering the property. All transactions except the sale of the property from Aberta to Wagner World were recorded in the Orleans Parish mortgage and conveyance records the next day, August 27, 2003. On December 15, 2008, Scott [ 2Wolfe and FHH Properties, LLC entered into a contract titled “CREDIT SALE OF MOVABLES” in which FHH purchased all of Wolfe’s “right, title, and interest” in certain movable properties, including 100% of the shares of Aberta’s capital stock. Finally, on May 18, 2010, the Cash Sale Deed between Aberta and Wagner World was recorded in the Orleans Parish mortgage and conveyance records.
On May 5, 2010, Aberta filed a Petition for Writ of Mandamus to cancel the Ciena Mortgages, naming as defendants Dale N. Atkins, as recorder of mortgages, and Cie-na. Essentially, Aberta claimed that because the sale of property from it to Wagner World on August 26, 2003 was not recorded, Aberta still owned the property and thus the Ciena Mortgages granted by Wagner World were ineffective and should be cancelled. On June 8, 2010, Wagner World intervened to preserve the Ciena Mortgages and both Ciena and Wagner World filed dilatory exceptions of unauthorized use of summary proceeding and motions to continue the hearing on mandamus to permit discovery. Without considering the dilatory exceptions, the district court granted the mandamus. The Fourth Circuit affirmed, finding (1) mandamus is a proper remedy for compelling a recorder *1163 of mortgages to cancel an illegal or unauthorized inscription, and (2) FHH was a third party when it purchased Aberta and on the face of the documents that were recorded, Aberta still owned the property and therefore had the right to mandamus to have the encumbrances removed. Aberta, Inc. v. Atkins, 10-1523 (La.App. 4 Cir.11/23/11), 80 So.3d 609. We now grant Wagner World and Ciena’s writ applications and reverse the judgments of the lower courts.
DISCUSSION
“Mandamus is a writ directing a public officer or a corporation or an officer thereof to perform any of the duties set forth in Articles 3863 and 3864.” La. C.C.P. art. 3861. Pursuant to La. C.C.P. art. 3863, “[a] writ of mandamus may be directed |3to a public officer to compel the performance of a ministerial duty required by law, ...” Further, “[a] writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice ...” La. C.C.P. art. 3862; Board of Trustees of Sheriff’s Pension and Relief Fund v. City of New Orleans, 02-0640 (La.5/24/02), 819 So.2d 290, 291 (“mandamus is an extraordinary remedy which should be applied only where ordinary means fail to afford adequate relief’). This Court has explained that “mandamus will only issue where the action sought to be compelled is ministerial in nature, i.e., where it contains no element of discretion.” Newman Marchive Partnership, Inc. v. City of Shreveport, 07-1890 (La.4/8/08), 979 So.2d 1262, 1269; Hoag v. State, 04-0857 (La.12/1/04), 889 So.2d 1019, 1023. In Hoag, we defined a ministerial duty as a “simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law.” 889 So.2d at 1024.
While certain statutes impose upon the recorder of mortgages the duty to cancel mortgages when the request meets specific requirements,[2] here, in order to cancel the mortgages at issue, the recorder would have to determine that Aberta, and not Wagner World, is the owner of the property at issue. This is a disputed factual issue and involves a determination of whether Aberta, now owned by FHH, is a third party protected by the Public Records Doctrine from the sale between Aberta, then owned by Scott Wolfe, and Wagner World. This is not a condition admitted or proved to exist and imposed by law; thus, the cancellation of the Ciena Mortgages involves more than a ministerial duty. Further, mandamus may not be granted where, as here, Dordinary means afford adequate relief. Thus, the issuance of a writ of mandamus is inappropriate under the facts of this case.
WRITS GRANTED; REVERSED; WRIT OF MANDAMUS RECALLED.

. Ciena Capital Funding, LLC is successor-in-interest to both [1] Business Loan Center, LLC and BLX Capital, LLC. The subject mortgages were originally issued in favor of the latter two companies.

. La. R.S. 44:114 provides the actions that may be against the recorder of mortgages and includes and action to “compel the cancellation from the records of any instrument or document authorized or permitted to be can-celled,” and to "cancel from the records any improperly recorded instrument or document.” La. R.S. 44:114(2) and (3). Further, La. C.C. art. 3366 requires the recorder of mortgages to cancel in the matter prescribed by law the recordation of mortgage or privilege upon receipt of a signed written request for cancellation that identifies the mortgage or privilege by reference to its place in the records where it is recorded.