2016-0639 (La.App. 4 Cir. 12/14/16)

**The LENS, Charles Maldonado and Abraham Handler**

v.

**Mitchelll J. LANDRIEU, in his official capacity as Mayor of The City of New Orleans, and The City of New Orleans**

NO. 2016–CA–0639

Court of Appeal of Louisiana, Fourth Circuit.

December 14, 2016

---

Scott L. Sternberg, BALDWIN, HAS-PEL, BURKE, & MAYER, L.L.C., 1100 Poydras Street, Suite 3600, New Orleans, LA 70163—3600, COUNSEL FOR PLAINTIFFS/APPELLEES, THE LENS, CHARLES MALDONADO, AND ABRAM HANDLER

William R. H. Goforth, ASSISTANT CITY ATTORNEY, E. Patrick Eagan, AS-SISTANT CITY ATTORNEY, Cherrell S. Taplin, SENIOR CHIEF DEPUTY CITY ATTORNEY, Rebecca H. Dietz, CITY ATTORNEY, 1300 Perdidio Street, Room 5E03, New Orleans, LA 70112, COUNSEL FOR DEFENDANTS/APPELLANTS, CITY OF NEW ORLEANS AND MAY-OR MITCHELL J. LANDRIEU

(Court composed of Judge Terri F. Love, Judge Edwin A. Lombard, Judge Sandra Cabrina Jenkins)

Judge Terri F. Love

|₁This appeal arises from unfulfilled public records requests. A local investigative newsroom filed numerous public records requests with the City of New Orleans. After receiving unsatisfactory results, the newsroom filed a petition for writ of mandamus, injunctive relief, and a declaratory judgment. The City of New Orleans then satisfied all but one of the public records

requests. The trial court granted the request for a writ of mandamus regarding one request and ordered the City of New Orleans to release a "complete copy" of the information sought. The trial court also ordered the City of New Orleans to pay $2,500 in attorney's fees and costs.

The City of New Orleans appealed contending that the trial court erroneously ordered that a "complete copy" be turned over to the newsroom because the information sought contains private information. The City of New Orleans also asserts that the trial court erred by awarding attorney's fees.

We find that the trial court failed to conduct a contradictory hearing on the writ of mandamus and remand for the trial court to hold said hearing.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Lens, a local investigative newsroom, regularly makes public record requests to the City of New Orleans ("City"). However, after receiving unsatisfactory responses from the City, The Lens, Charles Maldonado, and Abram Handler (collectively "Plaintiffs") filed a Petition for Writ of Mandamus, Injunctive Relief, and Declaratory Judgment against the City and Mayor Mitchell Landrieu (collectively "Defendants") based on "five pending and overdue public records requests and seven fulfilled requests that were produced outside the temporal confines of the Public Records Law." Prior to a hearing on the petition, four of the five pending public records requests were fulfilled. The remaining open public records request concerned the City's BuySpeed database, a database containing information relative "to City contracts, spending, and purchasing."

Following a hearing, the trial court denied the Plaintiffs' Petition for Writ of Mandamus, Injunctive Relief, and Declara-

tory Relief and also denied their request for attorney's fees. Plaintiffs then filed a Motion to Amend Judgment and for a New Trial because the judgment denied their Writ of Mandamus regarding the BuySpeed database, which was previously continued by agreement of all parties. The trial court then partially granted the Motion for New Trial and amended the judgment to reflect that Plaintiffs' request for a Writ of Mandamus was continued. The Motion for New Trial on attorney's fees was denied.

The City denied the BuySpeed database request because producing same would be "unreasonably burdensome." However, the parties attempted to agree on a compromise. The City claimed that it was virtually impossible to turn over the contents of the BuySpeed database because it could not "segregate all nonpublic information" contained therein. Thereafter, the trial court granted the Plaintiffs' request for a Writ of Mandamus in part, and ordered the Defendants to release a "complete copy" of the BuySpeed database to the Plaintiffs. The trial court stated that the Plaintiffs shall not release or publish private information. The trial court also awarded Plaintiffs $2,500 in attorney's fees and ordered the Defendants to pay costs. The Defendants' appeal followed, as well as the Plaintiffs' answer to the appeal.

The Defendants contend that the trial court erred by ordering the release of a "complete copy" of the BuySpeed database and failed to balance constitutional protections of private information against The Lens' right to the public information. Additionally, the Defendants assert that the trial court erroneously ordered the release of the complete BuySpeed database without allowing the City to segregate private information. Lastly, the Defendants aver that the trial court erred by awarding attorney's fees.

The Plaintiffs answered the appeal maintaining that Lamar Gardere's affidavit should not have been admitted over objection or alternatively that three affidavits offered by Plaintiffs should have been admitted instead of proffered.

### MANDAMUS

■ "A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice." La. C.C.P. art. 3862. "A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law." La. C.C.P. art. 3863. "Ministerial duties are duties in which no element of discretion is left to the public officer." *Hoag v. State*, 04–0857, p. 7 (La. 12/1/04), 889 So.2d 1019, 1024. "A ministerial duty is a simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law." *Id.* "If a public officer is vested with any element of discretion, mandamus will not lie." *Id.*

■ "Mandamus is an extraordinary remedy which should be applied only where ordinary means fail to afford adequate relief." *Bd. of Trustees of Sheriff's Pension &* ₄*Relief Fund v. City of New Orleans*, 02–0640, p. 2 (La. 5/24/02), 819 So. 2d 290, 292. "[M]andamus may not be granted where ... ordinary means afford adequate relief." *Aberta, Inc. v. Atkins*, 12–0061, pp. 3–4 (La. 5/25/12), 89 So.3d 1161, 1163.

■ "A mandamus action for production of a public record requires a contradictory hearing." *Fussell v. Reed*, 95–0398, p. 3 (La.App. 1 Cir. 11/9/95), 664 So.2d 1214, 1216. The Louisiana Supreme Court described a contradictory hearing as one that provides "an opportunity for cross–examination and presentation of evidence." *In re Matter Under Investigation*, 07–1853, p. 29 (La. 7/1/09), 15 So.3d 972, 992 (explaining what is required at a contradictory hearing on an asserted La. R.S. 44:3 privilege).

■ At the hearing on the BuySpeed database, the trial court heard argument from both sides, and accepted an affidavit from the Plaintiffs. The trial court did not admit the three affidavits offered by the Defendants.[1] Thus, the trial court did not consider the information contained therein prior to ordering the release of the "complete" database. Permitting one party to present evidence does not comport with the definition of a contradictory hearing. The trial court in the matter must examine the evidence of both sides in order to balance the constitutional protections of private information with the rights of the Lens to discover the public information contained in the BuySpeed database. Accordingly, we vacate the judgment and remand the matter to the trial court to conduct a full contradictory hearing on the Writ of Mandamus regarding the BuySpeed database. Because we are vacating the judgment and remanding the matter, a discussion on the award of attorney's fees is pretermitted.

### DECREE

For the above-mentioned reasons, we find that the trial court failed to conduct a full contradictory hearing on the Writ of Mandamus regarding the BuySpeed database. As such, we remand the matter to the trial court to conduct such a hearing and render a judgment accordingly.

**VACATED AND REMANDED.**

---

1. The trial court permitted the Defendants to proffer the three affidavits.