CHAISSON, J.
Plaintiffs appeal a judgment of the trial court that denied their Petition for Writ of Mandamus against City of Kenner. For the reasons that follow, we affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
On July 14, 2017, Blanca Nu Moya, Luis F. Monterroso and Manumaht Adinaryan, individual Kenner taxi cab drivers, along with their union, American Federation of State County and Municipal Employees, Local 234, filed a Petition for Writ of *1103 Mandamus against City of Kenner in which they requested that the trial court issue a writ of mandamus directing City of Kenner to "correct and cease its arbitrary or capricious abuse of their discretion in refusing to enforce the Code of Ordinances" regarding the imposition of an occupational license tax against Transportation Network Company ("TNC") drivers, such as "Rasier"[1] and "Lyft." Specifically, plaintiffs alleged that as "Kenner CPNC taxi cab drivers,"[2] they are licensed by City of Kenner and are required to qualify for and pay a levy for an annual occupational license in accordance with Article IV, Section 10-53, of the Kenner Code of Ordinances. Plaintiffs further alleged that City of Kenner was not enforcing this same provision of the Code of Ordinances as to other similarly situated competitors, such as TNC drivers, despite the fact that these other drivers are legally required to qualify for and pay the same occupational license tax. At plaintiffs' request, the trial court set a rule to show cause for hearing on July 25, 2017.
In response, on July 21, 2017, City of Kenner filed an opposition to the petition for mandamus and an incorporated peremptory exception of no cause of action. In its supporting memorandum, City of Kenner argued that the petition did not state a cause of action because a "writ of mandamus may only be issued when the duty is ministerial" and it must be denied "when a Plaintiff is seeking to compel the performance of an act which contains any element of discretion, however slight." City of Kenner argued that since it had discretion regarding enforcement of its ordinances, that the enforcement of the Code of Ordinances was not a ministerial duty and plaintiffs therefore had no cause of action against City of Kenner. In that portion of its memorandum directed to its opposition to the writ of mandamus, City of Kenner likewise argued that it enjoys wide discretion in its decisions as to the enforcement of the Code of Ordinances and the manner in which it uses its limited resources to enforce its ordinances. Consequently, City of Kenner argued that issuance of a writ of mandamus was not appropriate. Despite its filing of an incorporated Exception of No Cause of Action, City of Kenner failed to request that its exception be set for hearing.
Thereafter, on July 24, 2017, plaintiffs filed a reply memorandum to the exception of City of Kenner wherein they clarified that the allegations against City of Kenner in their petition are allegations that City of Kenner has been enforcing its occupational license tax in a discriminatory manner that violates equal protection principles of the Fourteenth Amendment of the United States Constitution. In response, on that same date, City of Kenner filed a reply memorandum in which it alleged that "Kenner's occupational license law is enforced equally..."[3]
At the start of the hearing on July 25, 2017, after being advised that City of Kenner had filed an exception to the petition, the trial court indicated that because there was no rule to set the exception for hearing, it was not set for hearing. Thereafter, without objection from either party, the trial court proceeded to hear the merits of the Petition for Writ of Mandamus without *1104 first disposing of City of Kenner's Exception of No Cause of Action. Counsel for both parties proceeded to make argument to the trial court, however, neither party called any witnesses or introduced any exhibits into evidence. On that same date, the trial court rendered judgment denying plaintiffs' Petition for Writ of Mandamus, stating in subsequently-issued reasons for judgment that "[t]he decision as to the method and means of enforcement of ordinances necessarily contains an element of discretion ..." and therefore finding that "... [the Court] lacks the authority to compel the Defendant to perform the task which is requested by the Plaintiffs."
It is from this judgment that plaintiffs now timely appeal.
DISCUSSION
The threshold question before the trial court in this case, raised by City of Kenner's Exception of No Cause of Action, was whether or not plaintiffs have a cause of action, specifically, for a writ of mandamus. However, the trial court expressly declined to hear City of Kenner's Exception of No Cause of Action, and, without objection from either party, proceeded to purportedly try the merits of the writ of mandamus. Although the trial court's reasons for judgment seem to suggest that it applied an analysis of a no cause of action exception to reach its conclusion in the case, there is nothing in the transcript from the hearing on July 25, 2017, or in the judgment itself, that indicates that the trial court actually ruled on the exception of no cause of action. Under these circumstances, we are constrained from reviewing the judgment as one sustaining the exception of no cause of action. While we ordinarily might consider vacating the judgment and remanding the matter to the trial court for proper disposal of the exception of no cause of action prior to holding a trial on the merits, because we find, for the reasons stated below, that the result of the judgment on the merits is correct, we decline to vacate and remand.
Mandamus is an extraordinary remedy which should be applied only where ordinary means fail to afford adequate relief. La. Assessors' Ret. Fund v. City of New Orleans , 01-0735 (La. 2/26/02), 809 So.2d 955, 956. Plaintiffs, as the parties seeking the writ, had the burden of proof to establish that they were entitled to the relief provided by this extraordinary remedy. Id. ; La. C.C.P. art. 3862. Under this burden, in addition to showing that the law provided no relief by ordinary means, or that the delay involved in obtaining ordinary relief may cause injustice, plaintiffs were required to provide evidentiary support for the allegations contained in their writ at the contradictory hearing.[4] See Lens v. Landrieu , 16-0639 (La. App. 4 Cir. 12/14/16), 206 So.3d 1245, 1248. In this case, plaintiffs alleged that City of Kenner was exercising its discretion in enforcement of the ordinance in a *1105 way that discriminated against plaintiffs and/or violated equal protection principles of the Fourteenth Amendment; however, plaintiffs merely presented allegations and argument to the trial court. They called no witnesses and introduced no exhibits, and thereby failed to provide any evidence upon which a ruling in their favor could be based. We therefore find that the judgment denying plaintiffs' writ of mandamus is correct.
DECREE
For the foregoing reasons, we affirm the judgment of the trial court denying plaintiffs' writ of mandamus. Plaintiffs' petition is dismissed with prejudice.
AFFIRMED

Plaintiffs erroneously refer to "Rasier" as "Riser." Rasier, LLC is a subsidiary of the ridesharing company more popularly known as "Uber."

Plaintiffs in their petition do not explain what a "CPNC taxi cab driver" is.

In its reply memorandum, City of Kenner raised additional issues which were not considered by the trial court and which are not germane to resolution of this appeal. We therefore refrain from discussion of those issues herein.

Although we decline to analyze the exception of no cause of action because there was no ruling thereon, we note that, because the manner in which a governmental entity allocates its resources in the enforcement of its ordinances inherently involves an element of discretion, we have serious reservations as to whether a writ of mandamus is the proper procedural vehicle for plaintiffs to seek redress of their grievances. In so noting, we do not in any way suggest that City of Kenner has discretion to enforce its ordinances in a manner that is discriminatory or violates equal protection principles of the Fourteenth Amendment; rather, we merely suggest that because City of Kenner does have discretion in the enforcement of its ordinances, redress for alleged discriminatory enforcement may be through alternative causes of action, such as for damages and/or injunctive relief, rather than by writ of mandamus.