ARLEEN SHORT       *       NO. 2021-CA-0523

VERSUS       *

      COURT OF APPEAL

KEVINNISHA MACK AND       *
KEVIN WAYNE ALLEN       FOURTH CIRCUIT

      *

      STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-07639, DIVISION "C"
Honorable Sidney H. Cates, Judge
* * * * * *
**Pro Tempore Judge Madeline Jasmine**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Pro Tempore Lynn M. Luker, Pro Tempore Judge Madeline Jasmine)

Rudy Willie Gorrell, Jr.
1215 Prytania Street
Suite 223
New Orleans, LA 70130

      COUNSEL FOR PLAINTIFF/APPELLANT

      **AFFIRMED IN PART,
REVERSED IN PART,
AND REMANDED
APRIL 20, 2022**

*MJ*

*RML*

*LML*

Plaintiff, Arleen Short ("Ms. Short"), appeals the trial court's May 10, 2021 judgment denying Ms. Short's Petition to Annul/Rescind Quit Claim Deed and Small Succession by Affidavit and to Cancel Recording of the Quit Claim Deed and Affidavit of Small Succession ("Petition").  Ms. Short also appeals the trial court's judgment denying her Motion for New Trial.  For the reasons that follow, we affirm the trial court's May 10, 2021 judgment in part and reverse the trial court's judgment in part.  We also affirm the trial court's June 8, 2021 judgment denying Ms. Short's Motion for New Trial.  We remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 15, 2008, Ms. Short and her siblings each executed a Quit Claim Deed conveying all ownership interest in favor of their brother, Kevin Brown ("Mr. Brown"), for property located at 2900 Fourth Street in New Orleans.

1

Ms. Short's Quit Claim Deed was recorded in the Conveyance Office for the Parish of Orleans, Instrument No. 2008-63487. In 2016, Mr. Brown passed away. On November 25, 2019, Mr. Brown's children, appellees Kevinnisha Mack and Kevin Wayne Allen ("the Brown Children"), executed an Affidavit of Small Succession ("Affidavit"), which identified immovable property owned by Mr. Brown located at 2900 Fourth Street and 2902 Fourth Street. In the Affidavit, the Brown Children each claimed one-half undivided interest in the two properties. The Affidavit was recorded in the Orleans Parish Conveyance Office, Instrument No. 2020-3983.

On September 11, 2020, Ms. Short filed the Petition, which seeks a judgment annulling the Quit Claim Deed and Affidavit, and cancelling the recordation of the Quit Claim Deed and the Affidavit from the public records.

The trial court conducted a hearing on the Petition on February 8, 2021. Ms. Short testified at the hearing. The Brown Children did not appear. On May 10, 2021, the trial court rendered a judgment denying Ms. Short's Petition. On May 20, 2021, Ms. Short filed a Motion for New Trial, which the trial court denied by order dated June 8, 2021. Ms. Short appealed. The Brown Children did not file an appellee brief.

## DISCUSSION

### Validity of Quit Claim Deed

On appeal, Ms. Short contends that the Quit Claim Deed is null because she and her siblings did not intend to relinquish their rights in the 2900 Fourth Street

property, but only intended to help Mr. Brown obtain funds to repair the property damaged by Hurricane Katrina.

Pursuant to La. C.C.P. art. 1848, "[t]estimonial or other evidence may not be admitted to vary the contents of an authentic act." Nevertheless, in the interest of justice, evidence may be admitted to prove such circumstances as a vice of consent, i.e., error, fraud, or duress. La. C.C.P. art. 1848, Revision Comments – 1984, cmt. (b). Ms. Short's Quit Claim Deed is an authentic act before two witnesses and a notary public. *See* La. C.C. art. 1833. Ms. Short does not allege that the Quit Claim Deed contains a vice of consent. Thus, parol evidence is not admissible to negate or vary the terms of the Quit Claim Deed. We also find that the trial court properly decided not to accept the testimony of Ms. Short as to her siblings' motives and intent, given that they did not appear or execute an affidavit. The trial court did not err in denying Ms. Short's Petition to annul the Quit Claim Deed.

**Validity of Affidavit**

Ms. Short also argues that the Affidavit is invalid because it includes a description of the 2902 Fourth Street property, which was not included in the Quit Claim Deed. We agree. Only the 2900 Fourth Street property can be transferred by way of the Affidavit. The 2902 Fourth Street property should not have been included in the succession or in the Affidavit, which we find is null. *See Foundation Materials, Inc. v. Carrollton Mid-City Investors, L.L.C.,* 10-0542, p. 6 (La. App. 4 Cir. 5/25/11), 66 So.3d 1230, 1234 (defective affidavit is fatally flawed

3

and cannot be considered in a motion for summary judgment).  Thus, the trial court erred in denying Ms. Short's Petition to annul the Affidavit.

**Writ of Mandamus**

Ms. Short also contends that the trial court erred in finding that the proper remedy to obtain cancellation of the Quit Claim Deed and Affidavit was a writ of mandamus.  Mandamus is a writ directing a public officer or a corporation or an officer thereof to perform any of the duties set forth in La. C.C.P. arts. 3863 and 3864. La. C.C.P. art. 3861.  Mandamus will only issue where the action sought to be compelled is ministerial in nature, i.e., where it contains no element of discretion. *Alberta, Inc. v. Atkins*, 12-0061, p. 3 (La. 5/25/12), 89 So.3d 1161, 1163.  A ministerial duty is a "simple, definite duty arising under conditions admitted or proved to exist, and imposed by law." *Hoag v. State*, 04-0857, p. 7 (La. 12/1/04), 889 So.2d 1099, 1024.

Until a definitive judgment is rendered on both the validity of the Quit Claim Deed and the Affidavit, the trial court's suggestion that the recorder of conveyances was required to be joined as a party to cancel the recordation is erroneous.  The recorder of conveyances can only perform ministerial acts.  This proceeding, thus, is not a proper one for mandamus.

**Motion for New Trial**

Finally, Ms. Short appeals the trial court's June 8, 2021 judgment denying her Motion for New Trial.  A new trial is mandated "[w]hen the verdict or judgment appears clearly contrary to the law and the evidence."  La. C.C.P. art.

4

1972(1). A motion for new trial based upon this contention should be denied if the trial court's ruling is supportable by any fair interpretation of the evidence, and a trial court's judgment denying a motion for new trial should not be reversed unless the appellate court finds that the trial court abused its great discretion. *1137 N. Robertson, LLC v. Jackson,* 19-0553, pp. 7-8 (La. App. 4 Cir. 11/20/19), ___ So. 3d ___, 2019 WL 6200294, *5.

Based on the law and the facts, we find no abuse of the trial court's great discretion in denying Ms. Short's Motion for New Trial.

## CONCLUSION

For the foregoing reasons, we affirm that portion of the trial court's judgment denying Ms. Short's Petition to annul the Quit Claim Deed. We reverse that portion of the judgment denying Ms. Short's Petition to annul the Affidavit. We affirm the trial court's judgment denying Ms. Short's Motion for New Trial. We remand for further proceedings.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**