NGHANA LEWIS, OFFICIALLY

VERSUS

ST. JOHN THE BAPTIST PARISH THROUGH
STACEY CADOR, IN HER CAPACITY AS
DIRECTOR OF HUMAN RESOURCES

NO. 22-CA-43

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 77,359, DIVISION "C"
HONORABLE EMILE R. ST. PIERRE, JUDGE AD HOC, PRESIDING

October 19, 2022

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

**AFFIRMED**
> **FHW**
> **SMC**
> **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

PLAINTIFF/APPELLANT,
NGHANA LEWIS, OFFICIALLY
    In Proper Person

COUNSEL FOR DEFENDANT/APPELLEE,
ST. JOHN THE BAPTIST PARISH THROUGH STACEY CADOR, IN HER
CAPACITY AS DIRECTOR OF HUMAN RESOURCES
    Honorable Bridget A. Dinvaut
    Orenthal J. Jasmin

**WICKER, J.**

Judge Nghana Lewis of the Fortieth Judicial District Court, in her official capacity, appeals the judgment of the trial court denying her writ of mandamus and motion to voluntarily dismiss. For the reasons stated below, we affirm the judgment of the trial court.

Factual Background

On Thursday, November 18, 2021, Judge Lewis emailed a notice of separation to her juvenile probation officer, C.O.[1] effective that day and citing as the reason C.O.'s failure to comply with a directive.[2] Judge Lewis also directed the November 18, 2021 notice of separation to Stacey Cador, the Director of Human Resources for St. John the Baptist Parish by email the next day, Friday afternoon.[3] As the Fortieth Judicial District Court does not have a judicial administrator, the appellee, St. John the Baptist Parish, performs administrative duties for the court.[4]

On the Monday morning following C.O.'s termination from employment, November 22, 2021, Judge Lewis prepared an amended notice of separation stating a different reason for termination, the elimination of the position,[5] with a new

---

[1] We choose to refer to the employee by her initials to protect her privacy as she is neither a party, nor a witness in this matter.

[2] Judge Lewis testified that C.O. was absent from court on November 16, 2021, due to a doctor's appointment. On November 18, 2021, C.O. delivered to the court a letter from her medical provider excusing her from work from November 17 to December 13, 2021. When Judge Lewis requested more information from C.O., through her administrative assistant, Brandi Williams, C.O. replied that Judge Lewis could call the doctor. Judge Lewis declined and requested a supplement, which C.O. refused to provide.

[3] Ms. Cador testified that she told Brandi Williams that the employee planned to submit a FMLA (Family and Medical Leave Act) packet, and termination could risk a retaliation claim.

[4] Ms. Cador testified that the Parish maintains the personnel and medical files for court employees, and also prepares court employee payroll status changes. In the trial judge's reasons for judgment, he states his awareness of the system in smaller judicial districts in Louisiana which involves collaboration with another governmental agency in order to fund the court system, "structured in a way which best meets the needs of the judiciary within the budget constraints of the funding agency."

[5] After speaking with Ms. Cador, Judge Lewis decided to amend the terms of employment to allow C.O. 7 days to submit additional paperwork to determine if she qualified for FMLA.

termination date of December 31, 2021. She emailed the amended notice to both C.O. and Ms. Cador.[6] At the time C.O. met with Human Resources thereafter, on November 23, 2021, in order to turn in her parish issued belongings, she was unaware of the amended notice of separation as she had not looked at her court-issued cellular phone after November 20, 2021.[7] When Ms. Cador sought to present her with a copy of the amended notice of separation, C.O. declined to take the documents as she was "done," having been terminated on November 18, 2021.

On November 23, 2021, appellee directed the original notice of separation to the Louisiana Workforce Commission, filing Form 77 online at 7:32 p.m. Ms. Cador explained that the employer is required by law to file a notice of separation with the Commission within three days. Additionally, Ms. Cador testified that a payroll status change form was filled out with the information contained on the original separation notice. The Parish President testified that she is required to sign the payroll status change forms because the pay comes from the parish funds.

Ms. Cador testified that she used the original separation notice of November 18, 2021, in filling out the required documentation upon the advice of St. John the Baptist Parish District Attorney, Bridget Dinvaut, and at the direction of her Chief Administrative Officer.

Procedural History

Judge Lewis filed the instant writ of mandamus on November 24, 2021, seeking to compel St. John the Baptist Parish and Ms. Cador to process the amended November 22, 2021 notice of separation.[8] Appellee, through the St. John the Baptist Parish District Attorney as statutory counsel for the Parish, filed an

---

[6] Both notices were also sent by certified mail. Ms. Cador stated that she received the certified mail on December 1, 2021.

[7] Human resources notes of the interaction were attached to Defense Exhibit C.

[8] On November 29, 2021, the other two judges of the Fortieth Judicial District signed an order of recusal and an order to refer to ad hoc judge. The Supreme Court assigned retired judge Emile St. Pierre as judge ad hoc on December 2, 2021.

answer stating that the amended notice of termination directed to the employee stated a different reason for termination. The ad hoc judge called the matter for a hearing on December 14, 2021. On that date, before the hearing began, Judge Lewis filed an oral motion for recusal of appellee's counsel, stating that she planned on calling the District Attorney as a witness in her case. The District Attorney objected, and the trial court denied the recusal. The court also granted the District Attorney's objection to being called as a witness.

One day later, on December 15, 2021, after the hearing had concluded but before the trial judge ruled, Judge Lewis filed a motion to voluntarily dismiss the writ of mandamus stating her intention to assume administrative duties for her division until the Fortieth Judicial District Court hired a judicial administrator. The trial judge issued his decision with reasons on December 20, 2021, denying the motion for dismissal and denying the writ of mandamus. Judge Lewis brought this timely appeal.

Analysis

Judge Lewis argues that trial court erred in 1) denying the writ of mandamus, 2) denying the motion for voluntary dismissal, and 3) denying the motion to recuse and not permitting her to call the District Attorney as a witness.

**First Assignment of Error**

Judge Lewis alleges that the trial court was manifestly erroneous in denying her writ of mandamus by deciding legal issues relating to a labor and employment cause of action, rather than determining whether the writ was seeking to compel performance of non-discretionary ministerial duties.

Judge Lewis requested the mandamus to direct appellee to file the November 22, 2021 amended notice of separation with the Louisiana Workforce Commission. A writ of mandamus is a summary proceeding under La. C.C.P. art. 2592(6), which may be directed to a public officer to compel performance of ministerial duties

imposed by law under La. C.C.P. arts. 3861 and 3863. *Turner v. EBR P. School Bd.*, 17-1769 (La. App. 1 Cir. 6/4/18), 252 So.3d 990. Mandamus is an extraordinary remedy which "may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice." *Jazz Casino Co., L.L.C. v. Bridges*, 16-1663 (La. 5/3/17), 223 So.3d 488, 492 (citing La. C.C.P. art. 3862). We review a trial court's decision to deny a request for a writ of mandamus under an abuse of discretion standard. *Constr. Diva, L.L.C. v. New Orleans Aviation Bd.*, 16-0566 (La. App. 4 Cir. 12/14/16), 206 So.3d 1029, 1037, *writ denied*, 17-0083 (La. 2/24/17).

A ministerial duty is "a simple, definite duty arising under conditions admitted or proved to exist, and imposed by law." *Hoag v. State*, 04-857 (La. 12/1/04), 889 So.2d 1019, 1024. A writ of mandamus is not an appropriate procedure where there is an element of discretion left to the public officer. *Vandenweghe v. Par. of Jefferson*, 11-52 (La. App. 5 Cir. 5/24/11), 70 So.3d 51, *writ denied,* 11-1333 (La. 9/30/11), 71 So.3d 289. If a public officer is vested with any element of discretion, mandamus will not lie. *Jazz Casino Co., L.L.C.,* 223 So.3d at 492. The party seeking the writ has the burden of proof to establish a clear and specific right to compel the performance of a ministerial duty. *State through Morrell v. City of New Orleans through Landrieu*, 17-0110 (La. App. 4 Cir. 12/21/17), 234 So.3d 1071, 1080, *writ denied sub nom. State through Orleans Par. Criminal Dist. Court v. City of New Orleans through Landrieu*, 18-0116 (La. 3/9/18), 237 So.3d 1192.

In the present case, Judge Lewis sought to compel the appellee to file the amended notice of separation of her employee. Employers are required by law to file a notice of separation with the Louisiana Workforce Commission. La. R.S. 23:1576 requires:

Each employer shall file with the administrator with respect to each employee who leaves its employ for any cause which may be potentially disqualifying and shall therein provide the date of separation, a full explanation for the cause or causes therefor, and all requested information about payments made to the separated employee. The notice shall be mailed, delivered, or transmitted to the administrator and to the separated employee within three days after the date on which the separation from service occurred.

Judge Lewis argues that as the Fortieth Judicial Court lacks a judicial administrator, appellee as human resources has no discretion, and must act "at the will of the judges." However, she produced no evidence of the terms of the agreement between the Fortieth Judicial District Court and the appellee or how the court has delegated the authority to the parish as to who the "officer or employee authorized to assume responsibility" is when forwarding documents to the State of Louisiana. Ms. Cador testified that human resources prepares documents for the judiciary based on what judges suggest or authorize, but she does not unilaterally process anything without approval from senior leadership in the administration. Additionally, she testified that she and senior leadership sign off on payroll status changes before any action is recorded in the payroll or human resources system. Ms. Cador stated that the Parish has previously declined to follow judges' orders in employee separation matters in instances in which the judge sought to approve payout for unused leave or salary increases.

Judge Lewis was required to provide evidentiary support for the allegations contained in her writ at the contradictory hearing, not to "merely presen[t] allegations and argument to the trial court." *Moya v. City of Kenner through Zahn*, 17-666 (La. App. 5 Cir. 5/16/18), 247 So.3d 1102, 1104-05. A factual dispute "requires the evaluation of evidence, weighing the credibility of witnesses, and exercising judicial discretion—functions which are not appropriate for entitlement to mandamus relief." *Morrell*, 234 So.3d at 1080.

Judge Lewis claims the trial court erred in deciding legal issues regarding a labor and employment cause of action, rather than determining whether a non-discretionary, ministerial duty can be compelled. In its reasons for judgment, the trial court stated that the November 18, 2021 notice terminated and removed the employee from the judge's supervision and control. Therefore, as the former employee was no longer subject to the judge's supervision and control, the amended notice of November 22, 2021, could not alter the status of the employee without the employee's consent and was of no legal effect. While we find no clear error in the trial court's findings,[9] the court was required only to determine (1) if the public officer has refused to perform a ministerial duty that is clearly provided by law, and (2) mandamus is the only available remedy or the delay caused by the use of any other remedy would cause injustice. *Taube v. St. Charles Par. Sch. Bd.*, 00-1805 (La. App. 5 Cir. 4/11/01), 787 So.2d 377, 380.[10]

On the record before us, we find that in this instance a writ of mandamus was not appropriate as appellee was required to exercise discretion when presented with two conflicting notices of separation. An examination of the Separation Notice, Form 77, reveals that the signing employer ("an officer or employee authorized to assume responsibility for the information") must certify that the information contained on the form is true and correct. The requested information includes the reason for separation and a detailed explanation. While La. R.S. 23:1576 requires the employer to file a separation notice in every instance in which an employee leaves the employment, here the "employee authorized to assume responsibility for the information" had the discretion to decide which of the two

---

[9] Neither party presented any law to support their arguments concerning the validity of a second separation notice, or whether an amended notice can change the reason for separation.

[10] Written reasons for judgment form no part of the judgment, and appellate courts review judgments, not reasons for judgment. *Wooley v. Lucksinger*, 09-571, 09-584, 09-585, 09-586 (La. 4/1/11), 61 So.3d 507, 572; *Holmes v. Paul*, 19-130 (La. App. 5 Cir. 10/2/19), 279 So.3d 1068, 1075.

presented notices was accurate. Given this discretion, mandamus does not lie and we need not opine on the correctness of the parish's decision.

When the appellee received the amended notification, it gave a different explanation and reason for separation, as well as a different date of termination than the first notice. The presence of a conflicting notification led to questions regarding the accuracy and veracity of the second notification. The appellee at that point was required to choose which form to file, and to certify as to the truth and correctness of the form filed. Because of this conflict between the two notices, Ms. Cador sought advice from her supervisors and thereafter the Parish President consulted with the Parish's legal counsel to determine how to properly resolve the conflict.

This Court has previously held that although a public entity has a statutory duty to pay its obligations, mandamus relief is only available to enforce a duty when there is no discretion as to whether payment is due and payable under the terms of the contract. *Wallace C. Drennan, Inc. v. St. Charles Par.*, 16-177 (La. App. 5 Cir. 9/22/16), 202 So.3d 535, 543. This is true, despite the use of the word "shall" to unequivocally express a public entity's mandatory duty. *Id.*

In addition, the plaintiff must show that the law provided no relief by ordinary means, or that the delay involved in obtaining ordinary relief may cause injustice. *Moya*, 247 So.3d 1102, 1104-05. A suit for declaratory judgment or other "ordinary process where all parties will have an opportunity to conduct discovery and fully litigate the issues before the district court" would be more appropriate in this case. *Naquin v. Lafayette Pub. Utilities Auth.*, 07-42 (La. App. 3 Cir. 7/5/07), 963 So.2d 1045, 1048. The summary proceeding of a writ of mandamus is not well suited in this case where issues remain, including the extent of the agreement between the Parish and the judiciary, the law relating to notice and acceptance of termination of employees, whether the Parish or the judiciary is

considered the "employer,"[11] and the requirements of filings with the Louisiana Workforce Commission.

Furthermore, there was another available remedy. As Judge Lewis testified that she had the authority to terminate persons employed with the court, she could have filed the amended notice with the Louisiana Workforce Commission herself. Indeed, as her request for dismissal reflects, she ultimately did so.

As Judge Lewis failed to prove the conditions showed a simple, definite duty, with no other available remedy, a writ of mandamus was not appropriate and the trial court did not abuse its discretion in its denial. Thus, we find no merit to this assignment of error.

**Second Assignment of Error**

Judge Lewis alleges here that the trial court abused its discretion by denying her motion for voluntary dismissal.[12] In her post-hearing motion to dismiss, Judge Lewis did not state whether she was seeking a dismissal with or without prejudice, but did state that she was assuming the administrative duties for her division of court and that she had personally filed the amended notice with the Louisiana Workforce Commission.

La. C.C.P. art. 1671 requires a judgment of dismissal without prejudice upon application of the plaintiff and payment of all costs if the application is made prior to any appearance of record by the defendant. However, it further states that after the defendant has made an appearance of record, the court may refuse to grant a dismissal except with prejudice. A trial judge is granted "wide discretion" as to dismissal without prejudice after the defendant has appeared, and his determination

---

[11] *See Shepherd v. City of Baton Rouge*, 588 So.2d 1210, 1213 (La. App. 1st Cir. 1991).

[12] Judge Lewis argues that the trial court abused its discretion by ruling that she was bound by the actions of the appellee when she chose to take responsibility for processing the notice of separation herself. The trial court did not find that she was unable to process the notice, only that the appellee could not be forced to process the notice.

will not be set aside absent a clear abuse of that discretion. *Martinez v. Dow Chem. Co.*, 97-289 (La. App. 5 Cir. 9/30/97), 700 So.2d 1096, 1098.

In this Circuit, after an appearance by the defendant, a trial judge may either grant plaintiff's motion to dismiss without prejudice, or deny it; he is not authorized to enter a dismissal with prejudice. *Roussell v. Roussell*, 94-742, 94-743 (La. App. 5 Cir. 1/31/95), 650 So.2d 373. In *RGC Investments, Inc. v. Almerico*, 435 So.2d 1043, 1046 (La. App. 5 Cir. 1983), *writ denied*, 438 So.2d 574 (La. 1983), this Court stated that when a judge has the power to deny a dismissal, Article 167 does not give him the power to convert it to a dismissal with prejudice.

In order to dismiss a matter with prejudice, it must be "establish[ed] that a party's request to voluntarily dismiss a matter with prejudice must be unqualified and allow for a complete application of the doctrine of res judicata." *Bailey v. Exxon Mobil Corp.*, 15-225 (La. App. 5 Cir. 12/23/15), 184 So.3d 191, 198. As Judge Lewis' motion to dismiss did not state that it was sought with prejudice, we find that the trial judge did not abuse its wide discretion in denying the motion without prejudice after appearance by the appellee.[13]

**Third Assignment of Error**

Judge Lewis next asserts that the trial court abused its discretion denying her motion to recuse the District Attorney when her testimony was necessary to show that her advice to Human Resources was a misapplication of the law and a violation of the separation of powers doctrine.

Judge Lewis sought to "recuse" the appellee's counsel under the authority of La. C.Cr.P. art. 680's provisions related to the recusal of the District Attorney.

---

[13] "A motion for voluntary dismissal is properly denied, for example, where it appears that a plaintiff seeks to circumvent an expected adverse result." *Ellisor v. Maersk Drilling USA, Inc.*, CV 20-2160 (E.D. La. Mar. 17, 2021) available at 2021 WL 1023049.

This is a criminal procedural article, which does not apply in this civil case. Additionally, here Ms. Dinvaut represented the appellee, not in her capacity as the district attorney, but rather as an attorney for a political subdivision. La. R.S. 16:2 specifically states that district attorneys shall provide legal counsel to the Parish President and the Parish Council. Furthermore, St. John the Baptist Parish Home Rule Charter Art. III Section C(6) states that the district attorney is the legal advisor to all parish departments. Therefore, no action lies for recusal of the opposing party's attorney.

Judge Lewis may also have been seeking to disqualify counsel under Rule 3.7 of the Louisiana Rules of Professional Conduct, which prohibits a lawyer from acting as an advocate in a trial in which the lawyer is likely to be called as a necessary witness.[14] *Farrington v. Law Firm of Sessions, Fishman*, 96-1486 (La. 2/25/97), 687 So.2d 997, 998. However, although Judge Lewis intended to call Ms. Dinvaut as a witness, she failed to subpoena her. Louisiana Code of Evidence art. 508(A) requires a subpoena and contradictory hearing to determine that the purpose for calling the attorney as a witness is not to reveal protected information. Section (E) of that Article specifically provides that it applies to lawyers for a political subdivision.

As Judge Lewis did not seek to subpoena the appellee's counsel as a witness, or set a contradictory hearing under La. C.E. art. 508's provisions, the trial court did not abuse its discretion in declining to allow Judge Lewis to call the appellee's counsel as a witness. As there were no grounds to disqualify appellee's

---

[14] Rule 3.7 states that (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
(1) The testimony relates to an uncontested issue;
(2) The testimony relates to the nature and value of legal services rendered in the case; or
(3) disqualification of the lawyer would work substantial hardship on the client.

counsel as a necessary witness, the trial court did not err in failing to recuse appellee's counsel.[15]

Conclusion

As we find the trial court did not abuse its discretion in denying Judge Nghana Lewis' writ of mandamus or motion to dismiss, we affirm the findings of the trial court. Additionally, we find no error in the trial court's denial of Judge Lewis' motion to recuse the counsel for the appellee, St. John the Baptist Parish.

**AFFIRMED**

---

[15] Additionally, any legal advice given to the appellees regarding the processing of the notification would fall under La. C.E. art. 506's attorney-client privilege.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



## FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **OCTOBER 19, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-43

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE J. STERLING SNOWDY (DISTRICT JUDGE)
HONORABLE BRIDGET A. DINVAUT          ORENTHAL J. JASMIN (APPELLEE)
(APPELLEE)

**MAILED**
HONORABLE EMILE R. ST. PIERRE          HONORABLE NGHANA LEWIS
(DISTRICT JUDGE)                       (DISTRICT JUDGE)
DIVISION "C"                           DIVISION "B"
29TH JUDICIAL DISTRICT COURT           40TH JUDICIAL DISTRICT COURT
P. O. BOX 424                          P. O. BOX 357
HAHNVILLE, LA 70057                    EDGARD, LA 70049