Judgment rendered July 17, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,631-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

EDWARD K. JOHNSON                          Plaintiff-Appellant

versus

JAMES E. STEWART                           Defendant-Appellee

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 641,775

Honorable Michael A. Pitman, Judge

* * * * *

EDWARD K. JOHNSON                          Pro Se

JAMES E. STEWART, SR.                      Counsel for Appellee
District Attorney

TOMMY J. JOHNSON
Assistant District Attorney

* * * * *

Before COX, STEPHENS, and ELLENDER, JJ.

**COX, J.**

This case comes before us from the First Judicial District Court, Caddo Parish, Louisiana. Edward Johnson's writ of mandamus for injunctive or declaratory relief against Caddo Parish District Attorney James E. Stewart was denied by the district court. Johnson now appeals that ruling. For the following reasons, we affirm the district court.

## FACTS

On January 24, 2023, Johnson, a previously convicted defendant, filed his writ of mandamus for injunctive or declaratory relief against the Caddo Parish District Attorney, Stewart, in which he stated that he attempted to obtain Stewart's file in his criminal case through a public records request. Johnson attached a copy of an order from the U.S. Middle District of Louisiana, which ordered the District Attorney of Caddo Parish to file a response to Johnson's writ of habeas corpus in federal court. Johnson also attached a certified mail receipt and an "offender's request for legal/indigent mail" form from the prison. On January 30, 2023, the district court drew a line through Johnson's proposed order to show cause and stamped "MOTION DENIED."

Johnson sought review of the district court's ruling through a writ to this Court. On May 11, 2023, this Court determined that the January 30, 2023 ruling was a final and appealable judgment pursuant to La. R.S. 44:35(C), and converted Johnson's writ to an appeal.[1] On July 5, 2023, Johnson filed an

---

[1] On September 8, 2023, this Court recalled the May 11, 2023 order, noting that it inadvertently referred to the docket number in Johnson's criminal proceeding, No. 331,421 instead of the document number in Johnson's civil proceeding, No. 641,775. On the same day, this Court issued a revised order granting Johnson's writ and remanding the matter for perfection of an appeal. Neither writ order appears in the record lodged on appeal.

On January 31, 2024, this Court allowed Stewart to supplement the record with additional proceedings which occurred after the matter was ordered to be perfected to an appeal.

"appeal and designation of record," arguing the district court erred in not holding a contradictory hearing on his writ of mandamus. Johnson's motion for appeal included a copy of this Court's May 11, 2023 Order. Johnson also included a proposed order to set the matter for a contradictory hearing. The district court set the matter for a contradictory hearing on September 20, 2023.

On August 17, 2023, Stewart filed a declinatory exception of insufficiency of service of process and failure to serve. He argued that the record does not include a notice to seek a supervisory writ, motion for new trial, or motion for appeal. He asserted that the January 30, 2023 Order was the only judgment in the litigation, and it did not dismiss him from the suit; therefore, the district court retains jurisdiction over the case. Stewart also argued that Johnson did not request service on him within the time prescribed in La. C.C.P. art. 1201(C).

On September 20, 2023, a hearing on Johnson's writ of mandamus and Stewart's exceptions was held, and Johnson appeared via telephone. The district court noted that the docket number for this civil case has been frequently confused with Johnson's criminal docket number. The district court stated that it granted Stewart's exception for lack of service and dismissed the case without prejudice. The district court also granted Johnson's appeal of the January 30, 2023 Judgment.

Both the appeal granted by this Court and the appeal later granted by the district court involve only the January 30, 2023 Judgment. Therefore, our review is limited to the January 30, 2023 Judgment.

## DISCUSSION

Johnson argues that the district court erred in denying his writ of mandamus. He states the burden is on the custodian of the records to prove it

2

lawfully withheld the requested information and a contradictory hearing is required on public records requests. Johnson requests that Stewart be ordered to produce the records in his criminal case.

An appellate court reviews a district court's judgment denying a writ of mandamus under an abuse of discretion standard. *Lewis v. Morrell*, 16-1055 (La. App. 4 Cir. 4/5/17), 215 So. 3d 737. Louisiana Revised Statutes 44:1, *et seq.* provide for certain procedures that enable a person to obtain access to various public records. *State v. Jones*, 53,044 (La. App. 2 Cir. 9/25/19), 280 So. 3d 1272, *writ denied*, 19-01726 (La. 1/28/20), 291 So. 3d 1055. A person may seek a writ of mandamus against a public office that has denied the right of the person to obtain access to such public records. *Id.* La. R.S. 44:35(A) states the following:

> Any person who has been denied the right to inspect, copy, reproduce, or obtain a copy or reproduction of a record under the provisions of this Chapter, either by a determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his in-person, written, or electronic request without receiving a determination in writing by the custodian or an estimate of the time reasonably necessary for collection, segregation, redaction, examination, or review of a records request, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.

The six requirements for invoking the mandamus remedy under the Public Records Act are: (1) a request must be made, La. R.S. 44:32(A); (2) the requester must be a "person," La. R.S. 44:31; (3) the request must be made to a "custodian," La. R.S. 44:1(A)(3); (4) the document requested must be a "public record," La. R.S. 44:1(A)(2); (5) the document requested must exist, La. R.S. 4:35 (*see also Lewis, supra*); and (6) there must be a failure by the custodian to

3

respond to the request, La. R.S. 44:35(A). *Labranche v. Landry*, 22-0461 (La. App. 1 Cir. 12/15/22), 357 So. 3d 395.

Regarding the second element, the requestor must be a "person." The general rule set forth in La. R.S. 44:31 is that "any person of the age of majority" may make a public records request. La. R.S. 44:31.1 excludes certain individuals from the definition of a "person" under the Public Records Law. Under this statutory exception, a "person," for purposes of the Public Records Law, is defined to exclude an individual: (1) who is a convicted felon; (2) who is in custody pursuant to the sentence for that felony; (3) who has exhausted his appellate remedies; and (4) who is not limiting the grounds for his request to those items to be used to file for post-conviction relief under La. C. Cr. P. Art. 930.3. *Muhammad v. Office of the DA for St. James*, 16-9 (La. App. 5 Cir. 4/27/16), 191 So. 3d 1149.

Generally, a "mandamus action for production of a public record requires a contradictory hearing." *Lewis, supra*; *Lens v. Landrieu*, 16-0639 (La. App. 4 Cir. 12/14/16), 206 So. 3d 1245. However, when the requirements for invoking the mandamus remedy under La. R.S. 44:35 are not met, such a hearing has not been required. *Lewis, supra*.

An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. *McKoin Starter & Generator, Inc. v. Snap-On Credit Corp.*, 37,210 (La. App. 2 Cir. 6/25/03), 850 So. 2d 924, *writ denied*, 03-2605 (La. 12/12/03), 860 So. 2d 1156. Johnson included additional factual allegations and attachments in his brief that do not appear in the record; therefore, those documents cannot be considered on review. As stated above, our review is limited to the January 30, 2023 Judgment, denying Johnson's request.

4

Johnson's civil pleading states that he requested the "District Attorney file in *State of Louisiana v. Edward K. Johnson*, Criminal Docket No. 331,421." Although Johnson included a receipt that certified mail was sent to Stewart, he did not include a copy of the request he sent to Stewart. There is no way to determine the scope of the request—what documents he sought in the request, if the requested documents exist, and if the documents are public record. Johnson also failed to include Stewart's response to the request, if any.

Without a showing that a request was made, that the documents requested exist and are public record, and that Stewart failed to respond to the request, Johnson has not met the requirements for invoking a mandamus remedy. The evidentiary hearing was not required because the requirements for invoking the writ of mandamus for public records had not been met. The district court was not erroneous in denying Johnson's writ of mandamus.

We note that Johnson's writ of mandamus was denied without prejudice; therefore, he may file his writ of mandamus again and include all the necessary information, including a showing that he does not fall under the person exception in La. R.S. 44:31.1.

## CONCLUSION

For the reasons stated above, we affirm the district court's denial of Johnson's writ of mandamus. Costs associated with this appeal are cast on Johnson.

**AFFIRMED**.